502 So.2d 1063 (1987)
Sylvester DARTEZ
v.
Adam DIXON, Sammie Sossaman and Big Chief Truck Lines, Inc.
No. 86-C-1058.
Supreme Court of Louisiana.
February 23, 1987.
Rehearing Denied March 25, 1987.
*1064 Philip Kobetz, Shelton and Legendre, Lafayette, for applicant.
Emile Rolfs, III, Broadhurst, Brook, Mangham & Hardy, Larry M. Roedel, Gary, Field, Landry & Dornier, Kenneth Benson, Baton Rouge, for respondent.
DIXON, Chief Justice.
Plaintiff, Sylvester Dartez, was a passenger in a car that was struck from behind by an 18-wheel truck on September 15, 1975. On September 15, 1976, plaintiff filed suit against the driver of the truck, Sammie Sossaman, and the owner of the truck, Adam Dixon. On October 1, 1980, Dartez filed a supplemental and amending petition to add two more defendants, Big Chief Truck Lines, Inc. (Big Chief-Louisiana) and Early American Insurance Company. At the time of the accident, Big Chief-Louisiana was leasing the truck from Dixon and was the employer of Sossaman; Early American was the insurer of Big Chief-Louisiana.
At the time of the accident, all the stock of Big Chief-Louisiana was owned by Big Chief Truck Lines of Texas, Inc. (Big Chief-Texas) whose sole shareholder was Dr. Stewart Bushong. However, after the collision but before Big Chief-Texas was made a party in this suit, Big Chief-Texas entered into a stock sales agreement to transfer all the stock of Big Chief-Louisiana to Joseph LeJeune, Jr. and Andrew Vidrine. Section III(b) of the agreement stated:
"(b) Shareholder [Big Chief-Texas] hereby agrees that as of the closing date it will be responsible for the payment of all liabilities incurred by the Company [Big Chief-Louisiana] on or prior to the date hereof occasioned by any act whatsoever of Shareholder, or by the Company, its officers, agents, employees and representatives, occurring on or prior to the date hereof. If as a result of the failure of Shareholder to pay any such liability, judicial proceedings are initiated by any claimant or claimants thereof to enforce payment thereof, Purchaser [LeJeune and Vidrine] shall immediately upon learning thereof notify Shareholder and Shareholder agrees that it will immediately undertake to defend such suit at its sole cost and expense, with no right of recourse against Purchaser or the Company therefor. In the event that Shareholder fails to immediately undertake *1065 such defense, Purchaser and/or the Company shall be compensated for all costs, expenses, attorneys' fees, and other costs incurred thereby, and/or settlement thereof including reimbursements for payment for the amount of the claim liability by Purchaser or the Company."
Since the only asset of Big Chief-Texas was the ownership of Big Chief-Louisiana, the purchasers also required Bushong to sign a personal guarantee as follows:
"I, Stewart C. Bushong, do hereby agree to guarantee the obligations of Big Chief Truck Lines of Texas, Inc. under Section III(b) of that certain Stock Sales Agreement dated September 21, 1977 by and between Joseph LeJune, (sic) Jr. and Andrew Vidrine and Big Chief Truck Lines of Texas, Inc."
Pursuant to these agreements, Big Chief-Louisiana filed a third party petition on April 6, 1982 against Big Chief-Texas seeking defense and indemnity. Thereafter, on January 19, 1983, Dartez filed a second supplemental and amending petition naming Big Chief-Texas and Bushong as direct defendants claiming that they were solidarity liable with Big Chief-Louisiana for the damages from the accident.
The trial court held that Big Chief-Louisiana, Early American and Sossaman were liable in solido to plaintiff for $14,052.48 in medicals, $533.50 in property damages, and $325,000 in general damages. The judgment against Early American was limited to the $100,000 limit of its policy plus legal interest. The court dismissed plaintiff's claims against Big Chief-Texas, Bushong and Dixon. Under the third party claim, the trial judge held Big Chief-Texas and Bushong were liable in solido to indemnify Big Chief-Louisiana for all amounts paid by Big Chief-Louisiana to plaintiff and for $3,000 in attorney fees.
Big Chief-Texas, Bushong and Dartez appealed. The court of appeal, 486 So.2d 762, found that Dartez was not a party to the stock sales agreement, nor was he intended to be a beneficiary. Therefore, he was unable to derive any benefit or assert any right under the stock sales agreement. We disagree. Dartez was a necessary and intended beneficiary of the agreement and is, therefore, entitled to a direct action against Big Chief-Texas. Dartez also has a direct action against Bushong under the guarantee of shareholder document that Bushong signed to become a personal surety of Big Chief-Texas.
At the time of the stock sales agreement, stipulations in favor of third persons were controlled by C.C. 1890[1] which stated:
"A person may also, in his own name, make some advantage for a third person the condition or consideration of a commutative contract, or onerous donation; and if such third person consents to avail himself of the advantage stipulated in his favor, the contract can not be revoked."
At 11 Tul.L.Rev. 18 (1936) Professor J. Denson Smith listed the factors to consider when determining whether the parties to a contract intended an advantage for a third party. These factors were adopted by this court in Andrepont v. Acadia Drilling Co., 255 La. 347, 358, 231 So.2d 347, 351 (1969) and are listed as follows:
"(1) The existence of a legal relationship between the promisee and the third person involving an obligation owed by the promisee to the beneficiary which performance of the promise will discharge; (2) the existence of a factual relationship between the promisee and the third person, where (a) there is a possibility of future liability either personal or real on the part of the promisee to the beneficiary against which performance of the promisee (sic) will protect the former; (b) securing an advantage for the third person may beneficially affect the promisee in a material way; (c) there are ties of kinship or other circumstances indicating that a benefit by way of gratuity was intended. See Smith, Third Party Beneficiaries in Louisiana: The Stipulation Pour Autrui, 11 Tul.L.Rev. 18, 58 (1936)."
*1066 Under the stock sales agreement in this case, Big Chief-Texas agreed to be responsible for all liabilities incurred by Big Chief-Louisiana prior to the date of the agreement. The stock sales agreement was intended to allow the purchasers of Big Chief-Louisiana to begin their ownership with a clean slate free from obligations incurred prior to their ownership. The agreement conferred a benefit in favor of Dartez in that it created a right of action between Big Chief-Texas and Dartez for the injuries that Dartez had sustained prior to the sale of Big Chief-Louisiana. The benefit that Dartez obtained was not merely incidental to the agreement but was a calculated and essential part of the negotiations leading to the sale of Big Chief-Louisiana. The stock sales agreement thereby created a stipulation pour autrui in favor of Dartez.[2]
Although not a requirement of a stipulation pour autrui, all beneficiaries of the stock sales agreement in this case were determinable on the date of sale. In fact, when the stock transfer was signed, Dartez had already filed suit against both the driver and owner of the truck. Since Big Chief-Louisiana was the employer of Sossaman and the lessor of the truck, it should have known it was likely to be made a party in this suit in the near future.
It is clear that the purchasers of Big Chief-Louisiana did not intend for Big Chief-Louisiana to be solely responsible for obligations incurred prior to the date of the stock sales agreement. Big Chief-Texas specifically assumed responsibility for all obligations incurred before the date of the sale and agreed to defend any suit for such obligations, at its sole cost with no recourse against Big Chief-Louisiana or the purchasers.
Big Chief-Texas and Bushong rely on Arrow Trucking Co. v. Continental Insurance Co., 465 So.2d 691 (La.1985) to defeat plaintiff's claim of third party beneficiary status. Arrow held that the plaintiff in that case did not have a direct action against the reinsurer of his insurance company. This court found that the reinsurance contract was solely one of indemnity for loss and not one for indemnity for liability and therefore did not intend to confer a benefit on the plaintiff. However, this court stated that if there were language in a reinsurance agreement indicating that the reinsurer intends to assume and carry out directly the policy obligations of the ceding insurer, the court would hold differently. Arrow Trucking Co. v. Continental Insurance Co., supra at 701. In the case at bar, Big Chief-Texas agreed to be "responsible for the payment of all liabilities" incurred by Big Chief-Louisiana prior to the date of the stock sales agreement. The agreement goes on to say that if judicial proceedings evolved out of such prior liabilities, Big Chief-Texas "will immediately undertake to defend such suit at its sole cost and expense, with no right of *1067 recourse against Purchaser or the Company therefor." This language demonstrates Big Chief-Texas' intent not only to indemnify in case of payment by the primary debtor, but to pay the plaintiff's claim when determined.
Dartez complains that the award of the trial court in his favor for $325,000 in general damages was inadequate. After reviewing the record, we find the award to be within the bounds of the trial court's discretion and affirm this portion of the court of appeal decision. However, we find the stock sales agreement between Big Chief-Texas and the purchasers of Big Chief-Louisiana was intended to and did in fact confer a benefit on the plaintiff. Therefore, we find Big Chief-Texas and its surety, Bushong, to be solidarity liable to the plaintiff for the damages he incurred.
For the reasons assigned, the judgments of the courts below as to demands of plaintiff Dartez against defendants Big Chief Truck Lines of Texas, Inc. and Stewart C. Bushong are reversed, and judgment is rendered in favor of plaintiff Dartez and against Big Chief Truck Lines of Texas, Inc. and against Stewart C. Bushong in solido with defendants Big Chief Truck Lines, Inc., Sammie Sossaman and Early American Insurance Company in the sum of $339,585.98 with legal interest from date of demand until paid, limited, however, as to Early American Insurance Company to the limits of its policy, all at the cost of defendants; the judgment in favor of third party plaintiff Big Chief Truck Lines, Inc. and against Big Chief Truck Lines of Texas, Inc. and Stewart C. Bushong for attorney's fees and any amounts paid to plaintiff is affirmed.
LEMMON, J., concur.
NOTES
[1] C.C. 1890 was revised by Act 331 of 1984 and now appears as C.C. 1978.
[2] The result reached here would be the same under C.C. 1821-1824 as revised by Act 331 of 1984. One who assumes the obligation of another becomes solidarily bound with that obligor to the third person.

"An obligor and a third person may agree to an assumption by the latter of an obligation of the former. To be enforceable by the obligee against the third person, the agreement must be made in writing.
The obligee's consent to the agreement does not effect a release of the obligor.
The unreleased obligor remains solidarily bound with the third person." C.C. 1821.
"A person who, by agreement with the obligor, assumes the obligation of the latter is bound only to the extent of his assumption.
The assuming obligor may raise any defense based on the contract by which the assumption was made" C.C. 1822.
"An obligee and a third person may agree on an assumption by the latter of any obligation owed by another to the former. That agreement must be made in writing. That agreement does not effect a release of the original obligor." C.C. 1823.
"A person who, by agreement with the obligee, has assumed another's obligation may not raise against the obligee any defense based on the relationship between the assuming obligor and the original obligor.
The assuming obligor may raise any defense based on the relationship between the original obligor and obligee. He may not invoke compensation based on an obligation owed by the obligee to the original obligor." C.C. 1824.