673 So.2d 654 (1996)
Don CAVIN, dba Cavin's Auto Repair
v.
HARRIS CHEVROLET, INC., Ruth Hoffman and John Ingmire.
No. 95 CA 1878.
Court of Appeal of Louisiana, First Circuit.
May 10, 1996.
*656 Michael Clegg and Troy Charpentier, Baton Rouge, for Plaintiff-Appellant Don Cavin, dba Cavin's Auto Repair.
Benn Hamilton, Baton Rouge, for Defendant-Appellee Ruth Hoffman.
William Morvant, Baton Rouge, for Defendant-Appellee Harris Chevrolet, Inc.
Before LOTTINGER, C.J., and GONZALES and FITZSIMMONS, JJ.
LOTTINGER, Chief Judge.
This is a suit to recover monies paid to third party beneficiaries on the grounds that the original contract was a nullity. Plaintiff appeals judgments maintaining peremptory exceptions of no cause of action and dismissing his lawsuit.

FACTS
Plaintiff, Don Cavin, d/b/a Cavin's Auto Repair, alleges that on December 10, 1993, he purchased a car-o-liner frame machine from defendant, John Ingmire (hereinafter "Ingmire"), for the sum of $8,000.00. At Ingmire's request, plaintiff paid the $8,000.00 purchase price by issuing cashiers checks to Ruth Hoffman (hereinafter "Hoffman") for $4,800.00 and to Harris Chevrolet, Inc. (hereinafter "Harris") for $2,000.00 in satisfaction of debts owed to them by Ingmire. The remainder was paid to Ingmire.
According to the petition, plaintiff learned on March 16, 1994, that the frame machine that he purchased from Ingmire was "allegedly stolen" from David Crawford and/or Specialty Motorsports, Ltd. Plaintiff further claims that his efforts to locate Ingmire have proven unsuccessful. Through this action filed against Ingmire, Hoffman and Harris, plaintiff contends that if the machine was stolen, this payment of funds to Ingmire and Ingmire's creditorsHoffman and Harris was improper due to the nullity of the sale.

ACTION OF THE TRIAL COURT
Following a hearing on a peremptory exception raising the objection of no cause of action filed on behalf of Harris, the trial court maintained the exception, but granted plaintiff fifteen days in which to amend his petition. In his First Supplemental and Amending Petition, plaintiff asserts that his payments to Hoffman and Harris constitute a stipulation pour autrui between himself and Ingmire, and that Ingmire's failure to transfer clear title render the stipulation pour autrui absolutely null. Plaintiff further claims that Ingmire knew that the frame machine was stolen and defrauded plaintiff by selling said equipment to him.
In response thereto, Harris reasserted its exception which was maintained in a judgment by the trial court. In accordance therewith, plaintiff's claims against Harris were dismissed. The trial court subsequently maintained a similar exception urged on behalf of Hoffman, but granted plaintiff ten days in which to amend his petition so as to set forth a cause of action. Upon plaintiff's failure to so amend, the trial court similarly dismissed plaintiff's claims against Hoffman. From these judgments, plaintiff now appeals. Hoffman has answered the appeal, seeking sanctions against plaintiff along with damages for the filing of a frivolous appeal.

ASSIGNMENT OF ERROR
On appeal, plaintiff claims that the trial court erred in finding that his original Petition and First Supplemental and Amending Petition failed to state a cause of action against Hoffman and Harris.

DISCUSSION
The function of an exception of no cause of action is to test the legal sufficiency of the plaintiff's petition by determining whether the law affords a remedy on the facts alleged in the pleading. Everything On Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1235 (La.1993). No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. La.Code Civ.P. art. 931. *657 The court reviews the petition and accepts the well pleaded allegations of fact as true, and the issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Everything On Wheels Subaru, Inc., 616 So.2d at 1235.
Louisiana Civil Code article 1978 provides that "[a] contracting party may stipulate a benefit for a third person called a third party beneficiary. Once the third party has manifested his intention to avail himself of the benefit, the parties may not dissolve the contract by mutual consent without the beneficiary's agreement." This article, enacted pursuant to the 1984 revision of the Louisiana law of obligations[1], reproduces the substance of former articles 1890 and 1902 contained in the Louisiana Civil Code of 1870 and controls third party beneficiary contracts, known in Louisiana as stipulations pour autrui.
In determining whether an advantage in favor of a third party beneficiary has been provided by a contract between others (referred to as the "stipulator" or "promisee" and "promisor"), we look to "(1) the existence of a legal relationship between the promisee and [promisor] involving an obligation owed by the promisee to the beneficiary which performance of the promise will discharge; (2) the existence of a factual relationship between the promisee and [promisor], where, (a) there is a possibility of future liability either personal or real on the part of the promisee to the beneficiary against which performance of the promisee [sic] will protect the former; (b) securing an advantage for the third person may beneficially affect the promisee in a material way; (c) there are ties of kinship or other circumstances indicating that a benefit by way of gratuity was intended". Smith, Third Party Beneficiaries In Louisiana: The Stipulation Pour Autrui, 11 Tul.L.Rev. 18, 58 (1936). Dartez v. Dixon, 502 So.2d 1063, 1065 (La.1987). "[T]he true third party beneficiary is never a party to the contract. He is never a promisee. The promisee is the stipulator and the promise runs to him [the promisee] and is merely in favor of the third party." Id. at 33.
Attached to and made a part of the plaintiff's petition, is a December 10, 1993 letter on plaintiff's letterhead, setting forth the terms of the sale, and the fact that the purchase price had been paid in full through three checks made payable to Hoffman, Harris and Ingmire. The letter concludes by stating, "[t]his Contract is a Final Bill of Sale from John Ingmire to Cavin's Auto Repair", and is thereafter signed by Ingmire and plaintiff.
Based upon the allegations contained in plaintiff's petitions and the exhibits attached thereto, we are of the opinion that Ingmire clearly intended to confer a benefit upon his creditors, Hoffman and Harris, and a stipulation to this effect was included in the contract of sale.
Having determined that the agreement between plaintiff and Ingmire constituted a stipulation pour autrui in favor of Hoffman and Harris, we must now determine whether the plaintiff, as the promisor who rendered performance under the stipulation, can maintain a cause of action for the retraction of his performance against the beneficiaries, Hoffman and Harris. We conclude that he may not.
In the case sub judice, plaintiff seeks to recover from Hoffman and Harris, the third party beneficiaries of his contract with Ingmire, that portion of the sales price which was remitted to them. In his brief to this court, plaintiff cites Civil Code article 1982 as authority for his contention that he may raise the same defenses against Hoffman and Harris in their capacities as third party beneficiaries as he could raise against Ingmire, including nullity of the contract. This would be true in the event plaintiff had not performed, and Hoffman and Harris had filed suit to compel his performance, in which case plaintiff could use article 1982 and the nullity of the contract as a defense. However, plaintiff's reliance on this article is misplaced. The authorization by article 1982 to use the nullity of the contract as a defense does not convert the defense into a cause of *658 action. For the reasons set forth above, this assignment of error is without merit.
Through her answer to plaintiff's appeal, Hoffman seeks sanctions against plaintiff pursuant to La.Code Civ.P. art. 863, as well as damages for the filing of a frivolous appeal under the provisions of La.Code Civ.P. art. 2164.
Louisiana Code of Civil Procedure article 863(D) authorizes a court to impose sanctions upon an attorney and/or represented parties who sign pleadings without making an objectively reasonable inquiry into the facts and the law. Penton v. Clarkson, 93-0657 (La.App. 1st Cir. 3/11/94), 633 So.2d 918, 924. Subsection (E) of said article provides that such penalties, "shall be imposed only after a hearing at which any party or his counsel may present any evidence or argument relevant to the issue of imposition of the sanction." Inasmuch as there is nothing within the record to indicate that Hoffman's request for sanctions under this article was raised in the trial court, we must decline to address same as the Courts of Appeal are without jurisdiction to hold hearings and receive new evidence. See La. Const. of 1974, art. 5 § 10; Uniform Rules, Courts of Appeal, Rule 1-3.
With regard to Hoffman's request for damages for the filing of a frivolous appeal under the provisions of La.Code Civ.P. art. 2164, we are mindful of the fact that inasmuch as this article is penal in nature, it must be strictly construed. Barnes v. L.M. Massey, Inc., 612 So.2d 120, 126 (La.App. 1st Cir.1992), writ denied, 614 So.2d 81 (La. 1993). Because appeals are favored in our law, penalties for the filing of a frivolous appeal will not be imposed unless they are clearly due. Fisk v. Mathews, 525 So.2d 223, 227 (La.App. 1st Cir.1988). Even when an appeal lacks serious merit, damages for a frivolous appeal will not be made unless it is clear that the appeal was taken solely for the purpose of delay, or that appellant's counsel is not serious in the position he advocates. Fisk, 525 So.2d at 227.
In the instant case, we find that while we disagreed with plaintiff's contention that a promisor under a third party beneficiary contract could maintain a cause of action against a beneficiary for the retraction of his performance, we cannot say that this appeal was taken solely for the purpose of delay or that appealing counsel does not seriously believe in the position he advocates. Damages for a frivolous appeal are not appropriate in this case.

CONCLUSION
For the reasons set forth above, the judgments of the trial court dismissing plaintiff's claims against Ruth Hoffman and Harris Chevrolet, Inc., for failure to state a cause of action is hereby affirmed; and this matter is remanded to the district court for further proceedings against the remaining defendant, John Ingmire. Plaintiff-appellant, Don Cavin d/b/a Cavin's Auto Repair is responsible for all costs associated with these proceedings both in this court and the trial court.
AFFIRMED AND REMANDED.
NOTES
[1] Acts 1984, No. 331, § 1, effective January 1, 1985.