684 So.2d 1125 (1996)
WOODROW WILSON CONSTRUCTION COMPANY, INC.
v.
MMR-RADON CONSTRUCTORS, INC.
No. 96 CA 0618.
Court of Appeal of Louisiana, First Circuit.
December 20, 1996.
Writ Denied March 7, 1997.
*1126 George Anding, Jr., John McLindon, Baton Rouge, for Plaintiff-Appellant.
Craig Kaster, David Gunn, Baton Rouge, for Defendant-Appellee.
Before LOTTINGER, C.J., and FOIL and FOGG, JJ.
FOGG, Judge.
Woodrow Wilson Construction Company, Inc. appellant, filed a motion to vacate an arbitration award; the motion was denied by the district court. This appeal followed. We affirm.
Woodrow Wilson Construction Company, Inc. (Wilson) was the general contractor for construction of the new Federal Building/Courthouse in Baton Rouge, Louisiana. Pursuant to a written contract dated September 3, 1991, MMR-Radon Constructors, Inc. (Radon) was a subcontractor of Wilson on the project. Shortly after the contract was signed, conflicts arose between the parties.
On February 4, 1992, arbitration through the American Arbitration Association was initiated by Radon in accordance with the contract. After appointing the arbitrator, filing the preliminary documents in preparation for arbitration and waiting through many delays, Wilson contended Radon did not have the right to arbitrate its claim. The district court ordered arbitration to proceed. Subsequently, Wilson filed an application to this court to stay the arbitration proceedings, which was denied. However, the Louisiana Supreme Court granted writs and instructed this court to consider the merits of the ruling that the matter be subject to arbitration. This court affirmed the trial court's decision directing the parties to proceed with arbitration. The supreme court denied writs on the matter.
Finally, a hearing was held before Lloyd N. Shields, arbitrator, on January 23-24, 1995. On March 23, 1995, the arbitrator rendered a decision in favor of Radon in the amount of $100,585.60, with legal interest from February 10, 1992 and administrative fees and expenses totaling $3,158.68. In June of 1995, Radon filed a motion to confirm the arbitration award and Wilson filed a motion to vacate the award. The matter was heard by the trial court on July 17, 1995. The trial court confirmed the arbitration award and denied Wilson's motion to vacate.
On appeal, Wilson asserts that the trial court erred: (1) in finding misbehavior by which rights of any parties have been prejudiced had not been alleged, and (2) in refusing to consider the evidence submitted in connection with the motion to vacate.
Wilson does not allege that the arbitrator did not have the evidence to review, or that he failed to accept any pertinent evidence. In fact, the arbitrator's award includes a ruling against Radon on its objection to exclude evidence not included on Wilson's exhibit lists. That ruling states, "The objection by MMR-Radon Construction, Inc. (Hereinafter referred to as Claimant) to the introduction of evidence by Woodrow Wilson Construction Company, Inc. (Hereinafter referred to as Respondent) not listed on prior exhibit lists is overruled and that evidence of Respondent has been received and considered." Further, in Wilson's brief before this *1127 Court, it admits the evidence it requested the trial court to review was submitted at the arbitration hearing. Wilson merely contends that "the arbitration was conducted and the award was rendered in such a manner that the rights of Woodrow Wilson Construction Company, Inc., have been prejudiced."
In North Cent. Utilities, Inc. v. East Columbia Water Dist., 480 So.2d 901 (La.App. 2 Cir.1985), writ not considered, 481 So.2d 1329 (La.1986) the court held:
Arbitration is a mode of settling differences through the investigation and determination by one or more individuals appointed for that purpose. The object of arbitration is the speedy disposition of differences through informal procedures without resort to court action. (Cite omitted)
It is well-settled in both state and federal courts that award may be challenged only on the grounds specified in the applicable arbitration statute. The court cannot substitute its conclusion for that of the arbitrator. In the furtherance of the purpose and intention of arbitration, the scope of judicial review as to the findings and conclusions of an arbitrator is severely restricted and the courts have consistently respected this limitation. Accordingly, a court does not ordinarily sit in an appellate capacity to an arbitration panel, but confines its determination to whether there exists one or more of the specific grounds for impeachment as provided for under the applicable statute.
The applicable statute to which we must confine our review is LSA-R.S. 9:4210 which states:
§ 4210. Motion to vacate award; grounds; rehearings
In any of the following cases the court in and for the parish wherein the award as made shall issue an order vacating the award upon the application of any party to the arbitration.
A. Where the award was procured by corruption, fraud, or undue means.
B. Where there was evident partiality or corruption on the part of the arbitrators or any of them.
C. Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been prejudiced.
D. Where the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
Where an award is vacated and the time within which the agreement required the award to be made has not expired, the court may, in its discretion, direct a rehearing by the arbitrators.
The burden of proof rests upon the party attacking the award. Hill v. Cloud, 26-391 (La.App. 2 Cir. 1/25/95); 648 So.2d 1383, writ dismissed, 95-0486 (La.3/17/95); 651 So.2d 260. It is clear that a reviewing court may not substitute its own judgment for that of the arbitrator. Hill, supra. In addition to the prohibition against a trial court substituting its conclusion for those of the arbitrator, a court's review of the merits of an arbitrator's decision is severely restricted. North Cent. Utilities, Inc., supra. Apparently, Wilson is attempting to fit its appeal under LSA-R.S. 9:4210(C), claiming that its rights were prejudiced. However, it appears that Wilson was simply dissatisfied with the ruling of the arbitrator, requested the trial court to review the evidence in the hopes of a different outcome and, when that failed, asked this court to review the evidence and rule in its favor.
We affirm the holding of the district court, finding as did the trial court, that Wilson failed to carry its burden of proving the arbitrator's ruling was prejudicial to its rights. Wilson has not made an adequate showing that the arbitrator's award should be vacated under the provisions of LSA-R.S. 9:4210. To hold otherwise would allow the merits of the dispute to be relitigated; this would be contrary to the settled jurisprudence of this state.
Radon answered this appeal and seeks damages and attorney's fees for frivolous *1128 appeal lodged by Wilson. The provisions of LSA-C.C.P. art 2164 are penal in nature; therefore, that statute must be strictly construed. Cavin v. Harris Chevrolet, Inc., 95-1878 (La.App. 1 Cir. 5/10/96); 673 So.2d 654. Because appeals are favored in our law, penalties for the filing of a frivolous appeal will not be imposed unless they are clearly due. Cavin, supra. Even when an appeal lacks serious merit, damages for a frivolous appeal will not be made unless it is clear that the appeal was taken solely for the purpose of delay, or that appellant's counsel is not serious in the position he advocates. Cavin, supra.
Wilson does not argue that the evidence was not allowed at the arbitration hearing, he simply requested the trial court and this court to reevaluate the evidence. This is not allowable under the strict arbitration rules. It is apparent that Wilson did not want this issue to be subject to arbitration and when it finally occurred, Wilson was dissatisfied with the results of the arbitration. Accordingly, we find that there were no serious legal questions involved in the appeal; it was filed for the purpose of delay. Therefore, this is a frivolous appeal for which attorney's fees and costs may be awarded under LSA-C.C.P. art. 2164. We hold that $1,500.00 is adequate attorney's fees for the cost of defending this frivolous appeal.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs are assessed against Wilson.
AFFIRMED.