MCDONALD, J.
*29 | ¡¡Defendants [1] filed peremptory exceptions raising the objection of no right of action against plaintiffs, Willie J. Joseph, M.D. and Michelle Brumfield, M.D., that were granted by the trial court, dismissing their claims with prejudice. This suspen-sive appeal was timely perfected. For the following reasons, the judgment of the trial court is reversed.
FACTS AND PROCEDURAL BACKGROUND
On December 13, 1990, Hospital Service District No. 2 of the Parish of St. Mary (which operated Lakewood Medical Center, hereinafter, Hospital) entered into a contract with St. Mary Anesthesia Associates, Inc. (hereinafter, St. Mary) for the purpose of obtaining general anesthesia services for Lakewood Hospital’s patients.[2] The contract was signed by the chief operating officer of Lakewood Hospital, Raymond J. Rowell, and the president of St. Mary, Willie J. Joseph, III. The contract provided for automatic annual.renewal unless terminated by the Hospital for cause as defined in the contract, or by St. Mary by giving the Hospital no less than sixty (60) days notice prior to the end of the original term or any renewal period.
Dr. Willie J. Joseph, III, Dr. Michelle T. Brumfield, and St. Mary filed suit in 2003, alleging that in November 2000, the Hospital’s chief executive | ¡.officer, Clifford M. Broussard, wrote them a letter advising that the contract was being terminated effective thirty days from the date of the letter. According to the petition, the contract was being terminated because Mr. Broussard deemed that the contract was not in the Hospital’s best interest, not for cause as set forth in the contract.
Exceptions raising the objection of no right of action were filed on behalf of the defendants[3] against the claims asserted on behalf of Dr. Joseph and Dr. Brumfield (hereinafter Doctors). Defendants asserted that an action can only be brought by a person having a real and actual interest; that only St. Mary was a party to the contract that was the basis for the Doctors’ action for breach of contract; and that a corporate creditor or shareholder does not have an individual right to sue for a corporate loss. The Doctors maintain that they do have a right of action because as their petition asserted, the contract expressed the intent of the parties to stipulate a benefit in favor of the Doctors, and this benefit formed a material consideration of the contract.
At the hearing on the exceptions, the contract at issue was introduced, following which the defendants argued that since the contract is clear and unambiguous, parol evidence was not admissible under La. C.C. art. 1848. Defendants further maintained that the contract was clear and *30 unambiguous and therefore, they would object to any testimonial evidence. Plaintiffs agreed that the contract was unambiguous and contended that it clearly contemplates third party beneficiaries. After reading the contract and finding it clear and without any ambiguity as to each party’s obligations, the |4court ordered the parties to proceed and would not allow the introduction of any evidence on the issue of the intent of the parties.
The court ruled that the contract was between the Hospital and St. Mary and did not contain a stipulation pour autrui on behalf of the Doctors. Because it was the opinion of the court that the contract did not create a benefit in favor of the Doctors, the Doctors proffered evidence of the contracting parties’ intent. A judgment was subsequently signed granting the peremptory exceptions raising the objection of no right of action filed on behalf of defendants, dismissing the Doctors’ claims with prejudice, and casting them with all costs of the proceeding.
The Doctors filed the instant appeal alleging two assignments of error. First, they allege that the trial court erred in refusing to consider evidence on the basis that the contract is clear and unambiguous in not conferring third party beneficiary status to the Doctors. Second, the Doctors allege that the trial court erred in determining they were not third party beneficiaries to the contract.
LAW AND ANALYSIS

Ambiguity of Contract

As noted above, the trial court did not allow parol evidence regarding the parties’ intentions based on the finding that the contract was not ambiguous. The law on the admissibility of parol evidence to vary written contracts is clear. These principles were set forth in Spohrer v. Spohrer, 610 So.2d 849, 851-852, (La.App. 1st Cir.1992), and cited by the third circuit in Guidry v. Hedburg, 98-228 p. 5 (La.App. 3rd Cir.11/4/98), 722 So.2d 1036, 1038-1039, which dealt with the same two legal issues that are before us:
IsLegal agreements have the effect of law upon the parties, and, as they bind themselves, they shall be held to a full performance of the obligations flowing there from. Courts are bound to give legal effect to all contracts, according to the true intent of the parties, and the intent is to be determined by the words in the contract when they are clear and explicit and lead to no absurd consequences. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent. The rules of interpretation establish that when a clause in a contract is clear and unambiguous, the letter of the clause should not be disregarded under the pretext of pursuing its spirit.
As a general rule, parol evidence is inadmissible to vary, modify, explain, or contradict a writing. [Citations omitted.]
In this case, both the Doctors and Defendants argue that the contract is clear and not ambiguous. However, the Doctors argue that the contract clearly reflects the intent of the parties to confer third party beneficiary status upon them, whereas the defendants contend that the agreement confers no direct advantage or benefit on either of the Doctors. We recognize, as did defendants, that the Doctors are in the unenviable position of having to argue mutually exclusive positions — that the contract is clear and unambiguous AND that the introduction of parol evidence was necessary. However, we find this no more of an anomaly than both parties arguing that *31 the contract is clear, but with mutually exclusive results. Considering • that this matter has been litigated for five years, has been in the appeal courts twice prior to this appeal, and we are still not reaching the merits of the dispute between the parties, the entire case is an anomaly.
The trial court, after reading the contract at the hearing, stated, “The contract seems to be clear. I don’t see any ambiguities as to what each party agreed to, so lets proceed with argument.” We agree that the contractual obligations of the parties are clear and unambiguous. However, whether the contract clearly manifested an intention to stipulate a benefit for a third person is the issue on which the correctness of the trial court’s decision | ^ultimately depends. Therefore, we will consider whether the contract clearly and unambiguously created a stipulation pour autrui in favor of the Doctors in connection with our discussion of whether the trial court erred in finding that the Doctors are not third party beneficiaries to the contract.

Third Party Beneficiary

The concept of contracts that benefit non-contracting parties or stipulations pour autrui is found in La C.C. art. 1978, which states as follows:
A contracting party may stipulate a benefit for a third person called a third party beneficiary.
Once the third party has manifested his intention to avail himself of the benefit, the parties may not dissolve the contract by mutual consent without the beneficiary’s agreement.
A long line of jurisprudence has established principles and rules for determining whether a contract benefits a third party. Unfortunately, this line is not straight or clear, prompting the Hospital to assert that the jurisprudence overwhelmingly and uniformly requires that the stipulation pour autrui be in writing. (Particularly troubling is the apparent contention that the “stipulation” must be in writing, as separate and distinct from the contract allegedly conferring the third party benefit. In the matter before us, we are dealing with a commutative contract that arguably benefits a third party. There is no specific clause, or “stipulation” at issue.) The following examination of the jurisprudence leads us to the conclusion that the Hospital’s contention is erroneous.
We begin, not in the beginning, but in the middle of the jurisprudence because it seems that the case of Fontenot v. Marquette Casualty Co., 258 La. 671, 247 So.2d 572 (1971) is the point at which the rales became murky. The specific cause of the confusion is the statement that “[I]n Louisiana contracts |7for the benefit of others, or the stipulation pour autrui, must be in writing and clearly express that intent.” Fontenot, 258 La. at 690-691, 247 So.2d at 579. As authority for this statement, the supreme court cited former La. C.C. arts. 1890 and 1902.
Article 1890 provided as follows:
A person may also, in his own name, make some advantage for a third person the condition or consideration of a commutative contract, or onerous donation; and if such third person consents to avail himself of the advantage stipulated in his favor, the contract can not be revoked.
Article 1902 provided:
But a contract, in which anything is stipulated for the benefit of a third person, who has signified his assent to accept it, can not be revoked as to the advantage stipulated in his favor without his consent.
The substance of these articles was reproduced in current La. C.C. art. 1978 when *32 the Civil Code was amended in 1984.[4]
Neither La. C.C. art. 1890, nor La. C.C. art. 1902 require that the contract be in writing. While prior cases hold there must be a clear intention to benefit a third party, we find no requirement that the contract be written. Further, we do not read the statement in Fontenot to indicate that the “stipulation” must be in writing, but that the contract containing the stipulation should be in writing. Our review of the jurisprudence reveals that third party beneficiaries are frequently found in written contracts without a specific written stipulation contemplating a third person.[5]
As noted by the second circuit in Wall v. First Nat’l Bank of Shreveport, 482 So.2d 865, 866 (La.App. 2nd Cir.1986), the statement in Fontenot at issue is dicta, and several courts and commentators have questioned whether the requirement of a writing is the law. Most of the post-Fo%-tenot courts repeating the contentious sentence have done so in dicta because the contracts in question were, in fact, written.
In Arrow Trucking Company v. Continental Insurance Company, 465 So.2d 691, 698 (La.1985), the Louisiana Supreme Court stated, “It is well settled that for a person to successfully maintain an action under a contract to which it is not a party the contract must clearly express the contracting parties’ intent to stipulate some advantage for the (third) person,” citing Fontenot, and making no mention of the necessity for a written contract. The first circuit cases, Hertz Equipment Rental Corp. v. Homer Knost Construction Co., 273 So.2d 685, 688 (La.App. 1st Cir.1973) and Jackson v. Brumfield, 442 So.2d 518, 521 (La.App. 1st Cir.1983), cited Fontenot, but the question of the requirement for a written contract was dicta, as these cases did involve written contracts.
The contract at issue in Berry v. Berry, 371 So.2d 1346 (La.App. 1st Cir.), writ denied, 373 So.2d 511 (La.1979), was verbal, and the court’s handling of this case is most instructive. After divorcing his wife, Doss Berry, Jr. made his sister, Barbara Sue Berry, the beneficiary of life insurance policies, and gave her instructions as to how he wanted the insurance proceeds disbursed. After paying certain debts, he told Barbara Sue that he wanted her to “act as a backstop for the education of his two children.” Berry, 371 So.2d at 1347. After Mr. Berry’s death, conflicts arose between his daughter, Patrice, and Barbara Sue. Patrice filed suit seeking to have a portion of the insurance proceeds placed in trust for her education and declaring her rights under the agreement between her father 19and her aunt. The trial court found that the verbal agreement between Mr. Berry and Barbara Sue was a contract containing a stipulation pour autrui in favor of Patrice. This court, in an en banc decision, reversed the judgment of the trial court finding that, “To create a legal obligation enforceable by the beneficiary there must be certainty as to the benefit to accrue to the beneficiary.” Berry, 371 So.2d at 1347. On the issue of the necessity for a written contract, the court said that while it was likely that Mr. Berry, a practicing attorney, knew of the statement in Fontenot that the stipulation pour au- *33 trui must be in writing, “we do not base our decision thereon” and noted in a footnote that the statement had been criticized. Berry, 371 So.2d at 1347. Two judges dissented, finding that the oral contract between Mr. Berry and his sister did contain a stipulation pour autrui in favor of Patrice that met the legal requirements for certainty of obligations. The dissent also contains an extensive analysis of the first circuit cases citing Fontenot, noting that the original statement in Fontenot pertaining to a stipulation pour autrui was Obiter dictum because it involved reinsurance and reinsurance does not create a benefit for a third party. The dissent found “no justification whatsoever for the position that a stipulation pour autrui must be in writing.” Berry, 371 So.2d at 1354.[6]
More recently, in Paul v. Louisiana State Employees’ Group Benefit Program, 99-0897, p. 8 (La.App. 1st Cir.5/12/00), 762 So.2d 136, 142, the court found that “the most basic requirement of a stipulation pour autrui — that the contract manifest a clear intention to benefit the third party — is absent.” The court then added in a footnote, “Because we find this basic requirement of a ‘stipulation pour autrui’ was not present in this instance, we | indo not address Wichita’s and Mrs. Paul’s otherwise convincing argument challenging the jurisprudential dicta that such a contract must be in writing.” Paul, 99-0897 at p. 8, n. 3, 762 So.2d at 142, n. 3. It is clear, therefore, that it is not the position of this court that Louisiana law currently requires that a contract containing a stipulation pour autrui be in writing and certainly not that there must be a specific “stipulation” in writing. The defendants’ vigorous contention otherwise is in error.
The Louisiana Supreme Court has on several occasions advised courts of the proper inquiry in determining whether a contract confers a benefit on a third party.[7] Utilizing these factors this court stated in Cavin v. Harris Chevrolet, Inc., 95-1878, pp. 3-4 (La.App. 1st Cir.5/10/96), 673 So.2d 654, 657:
In determining whether an advantage in favor of a third party beneficiary has been provided by a contract between others (referred to as the “stipulator” or “promisee” and “promisor”), we look to “(1) the existence of a legal relationship between the promissee and [promi-sor] involving an obligation owed by the promisee to the beneficiary which performance of the promise will discharge; (2) the existence of a factual relationship between the promisee and [promi-sor], where, (a) there is a possibility of future liability either personal or real on the part of the performance of the promisee to the beneficiary against which the performance of the promisee [sic] will protect the former; (b) securing an advantage for the third person may beneficially affect the promisee in a material way; (c) there are ties of kinship or other circumstances indicating that a benefit by way of gratuity was intended. “[T]he true third party beneficiary is never a party to the contract. He is never a promisee. The promisee is the stipulator and the promise runs to him [the promisee] and is merely in favor of the third party.” [Citations omitted.][8]
*34 The supreme court has further advised that “the well-settled jurisprudence requires that there be a Contractual intent on the part of the parties to the J^agreement to establish a stipulation pour autrui, albeit such benefit in favor of a third party beneficiary may be implied from a consideration of the agreement as a whole, as well as by express stipulation.” Cox v. W.R. Aldrich and Company, Inc., 247 La. 797, 174 So.2d 634, 636 (1964).
In the matter before us, there is clearly both a legal and factual relationship between Dr. Joseph (the third party) and St. Mary (the promisee/stipulator). Aside from the fact that St. Mary, as a juridical person[9] only, is incapable of rendering the anesthesia services required by the Hospital, which was the object of the contract, Dr. Joseph was specifically assigned additional duties as advisor to the Hospital, in addition to being a “specialist” to provide anesthesia services. We find that a consideration of the contract as a whole clearly manifests an express intent to benefit Dr. Joseph.
The reasons for finding that there is a clear intention to benefit Dr. Brumfield also are not as compelling. However, considering the entirety of the contractual relationships obviously contemplated, and relying on the legal principles that stipulations pour autrui are favored in our law, and that one can stipulate for an undetermined person (see Andrepont v. Acadia Drilling Co., Inc. 255 La. 347, 231 So.2d 347 (1969)), we find that the contract clearly manifests an intent to benefit Dr. Brumfield also.
CONCLUSION
Having determined that the contract is clear and unambiguous, and that it clearly intended to benefit Dr. Joseph and Dr. Brumfield, we reverse the judgment of the trial court granting the peremptory exceptions raising the |12objection of no right of action, dismissing the claims of plaintiffs Dr. Willie John Joseph, III and Dr. Michelle T. Brumfield, and casting them with the cost of the proceedings. The costs of this appeal and those incurred in the district court are assessed against the Hospital Service District No. 2 of the Parish of St. Mary, State of Louisiana, Our Lady of the Lake Hospital Inc., and National Union Fire Insurance Company of Louisiana.
REVERSED.
CARTER, J., concurs in the results.

. Defendants in this matter are: Hospital Service District No. 2 of the Parish of St. Maty, State of Louisiana; Our Lady of the Lake Hospital, Inc.; Melvin Bourgeois, M.D.; James Broussard; John Guarisco; Sharon Howell; Y. George Ramirez; National Union Fire Insurance Company of Louisiana; Clifford Broussard; and Louisiana Hospital Association Malpractice and General Liability Trust.

. In May 2000, the Hospital entered into an agreement with Our Lady of the Lake to manage, operate and administer Lakewood. Previous litigation between these parties established that the contract under review was actually for providing anesthesia services at Lakewood Medical Center. Joseph v. Hospital Service District No. 2, 01-1951 (La.App. 1st Cir.12/28/01), 805 So.2d 400, 411."

.Although the defendants were represented by different counsel, all counsel adopted the argument of chief counsel for the Hospital Service District, and we will address all arguments made by any defendants as if made by the Hospital.

. Acts 1984, No. 331, S 1, effective January 1, 1985. Comment (a) to La. C.C. art. 1978 states, "[T]his Article reproduces the substance of C.C. arts. 1890 and 1902 (1870). It does not change the law.”

. See, e.g. First State Bank v. Burton, 225 La. 537, 73 So.2d 453 (1954); Andrepont v. Acadia Drilling Co., Inc., 255 La. 347, 231 So.2d 347 (1969); Hargroder v. Columbia Gulf Transmission Co., 290 So.2d 874 (La.1974); State v. Simoni, Heck & Assoc., 331 So.2d 478 (La.1976); Dartez v. Dixon, 502 So.2d 1063 (La.1987).

. This dissent also references the same con-elusion by Professors Katherine Shaw Spaht and H. Alston Johnson, III, in Work of the Appellate Courts for the 1975-1976 Term-Obligations. 37 La. L.Rev. 305, 346-347 (1977).

. Dartez v. Dixon, 502 So.2d 1063, 1065 (La.1987) citing Andrepont v. Acadia Drilling Co., 255 La. 347, 358, 231 So.2d 347, 351 (1969).

. Professor J. Denson first listed these factors and the courts have since adopted them. Smith, Third Party Beneficiaries In Louisiana: The Stipulation Pour Autrui, 11 Tul.L.Rev. 18, 58 (1936).

. The fact that St. Mary is a corporation is not relevant to a decision in this matter. There is no allegation of breach of fiduciary trust, and the damages alleged were personal/direct to Dr. Joseph and Dr. Brumfield. Further, there is no indication that Dr. Brumfield is a shareholder or officer of the corporation.