WEIMER, Justice.
LWe are called upon to determine whether a contract between a hospital and a medical corporation provides a stipulation for a third party (also referred to as a stipulation pour autrui) in the form of benefits for individual doctors affiliated with the medical corporation. This matter is before the court on defendants’ exceptions of no right of action, which contend the doctors are not third party beneficiaries of the contract. The trial court granted defendants’ exceptions and dismissed the plaintiff doctors’ claims with prejudice. The court of appeal reversed and defendants filed an application for writ of certio-rari. For reasons that follow, we reinstate the judgment of the trial court finding the contract at issue does not create a stipulation pour autrui in favor of the plaintiff doctors. Consequently, the doctors have no right of action.
FACTS AND PROCEDURAL BACKGROUND
On December 13, 1990, Hospital Service District No. 2 of the Parish of St. Mary (Hospital), operator of Lakewood Medical Center, entered into a contract with St. Mary Anesthesia Associates, Inc. (SMAA) for the purpose of obtaining general anesthesia services for the hospital’s patients. The contract was signed by Raymond J. Rowell, chief operating officer of the Hospital, and Willie J. Joseph, III, M.D., president of SMAA. The contract provided for automatic annual renewal unless terminated by the Hospital for cause as defined in the contract or by SMAA giving no less than 60 days notice prior to the end of the original term or any renewal period.
In November 2000, then chief operating officer of the Hospital, Clifford M. Brous-sard, advised SMAA that the contact would terminate within 30 days from the date of the letter because the contract was not in the Hospital’s best interest.
Dr. Willie John Joseph, III, Dr. Michelle T. Brumfield, and SMAA filed suit on August 19, 2003, naming as defendants the Hospital, Our Lady of the Lake Hospital, Inc., Melvin Bourgeois, M.D., James Broussard, John Guarisco, Sharon Howell, Y. George Ramirez, Clifford M. Broussard, National Union Fire Insurance Company of Louisiana, and Louisiana Hospital Association Malpractice and General Liability Trust.
*1209 Alleging breach of contract, the petitioners sought damages, including, but not limited to, past and future loss of earnings, costs of relocation and “moral damages,” mental anguish, grief and anxiety on behalf of the doctors, and future loss of earnings on behalf of SMAA. Pursuant to a provision contained in the contract, plaintiffs also sought attorney fees in connection with this litigation.[2]
| ¡¡Defendants filed exceptions of no right of action regarding the claims asserted by the doctors contending that SMAA was the only party with a real and actual interest in the contract and the doctors had no individual right to sue for a corporate loss. The doctors argued the contract expressed an intent to stipulate a benefit in favor of the doctors and that this benefit was a material consideration for the contract.
At the hearing on the exceptions before the trial court, the contract in question was introduced into evidence following which counsel argued their respective contentions. Defendants argued the contract is clear and unambiguous, thus parol evidence is not admissible to determine the intent of the parties. Plaintiffs agreed the contract is unambiguous, but contended it clearly contemplated third party beneficiaries.
Following argument, the trial court ruled the contract did not contain a stipulation pour autrui on behalf of the doctors and the contract was between the Hospital and SMAA. The doctors were allowed to proffer evidence regarding the intent of the contracting parties. Judgment was signed granting the peremptory exceptions of no right of action filed on behalf of the defendants, dismissing the doctors’ claims with prejudice and casting them with all costs of the proceedings. The doctors appealed.
The court of appeal found the contract as a whole clearly manifested an express intent to benefit Dr. Joseph. Relying on the legal principles that stipulations pour autrui are favored and can be made for an undetermined person, the court found the contract also manifested an intent to benefit Dr. Brumfield. The court of appeal reversed the judgment of the trial court. Joseph v. Hospital Service District No. 2 of the Parish of St. Mary, 04-0781 (La.App. 1 Cir. 8/3/05), 923 So.2d 27.
| ¿The court of appeal agreed that the contractual obligations of the parties are clear and unambiguous. Thus, the question to be resolved is whether the contract clearly manifested an intent to stipulate a benefit for a third person. The court of appeal rejected the hospital’s argument that the stipulation itself must be in writing to be valid and questioned the validity of the statement in Fontenot v. Marquette Casualty Co., 258 La. 671, 247 So.2d 572 (1971), requiring a stipulation pour autrui to be in writing. The focus of the court’s concern involved the following statement in Fontenot: “In Louisiana contracts for the benefit of others, or the stipulation pour autrui, must be in writing and clearly express that intent.” Fontenot, 247 So.2d at 579. The Fontenot court cited former Civil Code articles 1890 and 1902 as authority for the statement.[3]
Defendants, National Union Fire Insurance Company of Louisiana and Hospital *1210 Service District No. 2 of the Parish of St. Mary, applied for writ of certiorari which this court granted. Joseph v. Hospital Service District No. 2 of the Parish of St. Mary, 05-2364, 05-2427 (La.4/24/06), 926 So.2d 527.
DISCUSSION
An exception of no right of action is a threshold procedural device used to terminate a suit brought by a person who has no legally recognized right to enforce the right asserted. Unless otherwise provided by law, an action can only be brought by a person having a real and actual interest in the matter asserted. LSA-C.C.P. art. 681. An exception of no right of action is a peremptory exception designed to test whether plaintiff has a real and actual interest in the action. LSA-C.C.P. art. 927(A)(5). The function of the exception is to determine whether plaintiff belongs | sto the class of persons to whom the law grants the cause of action asserted. Industrial Companies, Inc. v. Durbin, 02-0665, p. 11 (La.1/28/03), 837 So.2d 1207, 1216; Louisiana Paddlewheels v. Louisiana Riverboat Gaming Commission, 94-2015, p. 4 (La.11/30/94), 646 So.2d 885, 888. Evidence is admissible on the trial of the exception of no right of action to support or controvert any of the objections pleaded. LSA-C.C.P. art. 931.
Collectively, the defendants contend the claims set forth in this case belong to SMAA, not the doctors/employees, thus the exception of no right of action is proper. Defendants also argue the decision of the court of appeal conflicts with this court’s decision in Fontenot, as well as decisions from other appellate courts and should be overturned. They claim the stipulation pour autrui must be in writing and, thus an oral stipulation pour autrui is unenforceable.
It is plaintiffs’ position that the court of appeal was correct in its interpretation of the Fontenot decision. Fontenot involved a reinsuring agreement[4] which is statutorily required to be in writing. Plaintiffs assert the statement in Fontenot requiring a stipulation pour autrui to be in writing is merely dicta. In this case, plaintiffs argue the benefits they were to receive were clearly contemplated by the parties to the contract and were not merely incidental. They assert the court of appeal decision is correct and should be affirmed.
|(;At the hearing on the exceptions, defendants introduced a copy of the contract dated December 13, 1990. The contract, an anesthesia service agreement, was executed by and between the Hospital and SMAA. Dr. Joseph signed the contract on behalf of SMAA, but not in his individual capacity. Dr. Brumfield is not mentioned in the contract. In the contract, SMAA was referred to as the “Contractor.” The Hospital agreed to retain the Contractor to exclusively provide anesthesia services. The Hospital agreed to provide facilities, equipment, and supplies necessary and proper for the administration of anesthesia to its patients. Additionally, the Hospital agreed to recognize Dr. Joseph as a “medical specialist” providing services on behalf of the Contractor. The Hospital also *1211 agreed to recognize any employee of the Contractor (any duly licensed and qualified physician trained in delivery of anesthesia services and licensed to practice in Louisiana) as a “medical specialist” on behalf of the Contractor, SMAA.
The contract further provided that the Contractor may from time to time retain the services of other physician specialists who were to comply with all of the terms and conditions of the agreement.
The contract specifically provided that the Contractor was an “independent contractor” and clearly stated there was no intent to create an employer/employee relationship, a joint venture relationship, or lease or landlord/tenant relationship. The agreement was to be binding on the Hospital and Contractors, their successors and assigns.
Because the plaintiff doctors were not parties to the contract, they can only avail themselves of the benefit of the Hospital/SMAA contract if they are third party beneficiaries. LSA-C.C. art. 1978 provides:
17A contracting party may stipulate a benefit for a third person called a third party beneficiary.
Once the third party has manifested his intention to avail himself of the benefit, the parties may not dissolve the contract by mutual consent without the beneficiary’s agreement.
The Revision Comments indicate this article reproduces the substance of LSA-C.C. arts. 1890 and 1902 and the law was not changed. Under Louisiana law, such a contract for the benefit of a third party is commonly referred to as a “stipulation pour autrui.”[5] Paul v. Louisiana State Employees’ Group Benefit Program, 99-0897, p. 5 (La.App. 1 Cir. 5/12/00), 762 So.2d 136, 140.
Under Roman law, a stipulation for a third party was unenforceable, despite the fact that the word “stipulation” comes from the Roman stipulatio. Nevertheless, the French and Louisiana Codes set to rest any contention that a third party could not recover on a contract merely because he was not a party to the contract. See discussion by Professor J. Denson Smith of the historical development of this doctrine in his article Third Party Beneficiaries in Louisiana: The Stipulation Pour Autrui at 11 Tul. L.Rev. 18, 18-28 (1936). Although the current Article 1978 had its underpinnings in the French Civil Code, the term “stipulation pour autrui ” was not employed in the Louisiana Civil Code. Professor Smith, however, called the term a “well established part of our legal language.” Smith, 11 Tul. L.Rev. at 23. The term remains a part of our legal language today.
There has been a codal provision in Louisiana recognizing a stipulation for a third party since 1808. See Article 21 of the Louisiana Civil Code of 1808; see also Art. 1890, La. C.C. Comp. Ed., in 16 West’s LSA-C.C. pp. 1076-1077 (1972).
1SA true third party beneficiary is never a party to the contract in question; he is never a promisee. Smith, 11 Tul. L.Rev. at 33. The promisee is the stipulator and the promise runs to him and is merely in favor of the third party. Id.
The Louisiana Civil Code recognizes that a third party beneficiary contract can exist, but provides few governing rules. See LSA-C.C. arts. 1978-1982. The code provides no analytic framework for determining whether a third party beneficiary contract exists. Professor Smith acknowledges that a determination of the circumstances under which a stipulation *1212 pour autrui will exist is the “primary question” in any given case. Smith, 11 Tul. L.Rev. at 24. Thus, the code has left to the jurisprudence the obligation to develop the analysis to determine when a third party beneficiary contract exists on a case by case basis. Each contract must be evaluated on its own terms and conditions in order to determine if the contract stipulates a benefit for a third person.[6]
Our study of the jurisprudence has revealed three criteria for determining whether contracting parties have provided a benefit for a third party: 1) the 19stipulation for a third party is manifestly clear; 2) there is certainty as to the benefit provided the third party; and 3) the benefit is not a mere incident of the contract between the promisor and the prom-isee. In applying these criteria, we ultimately rely on the words of Article 1978 that the contract must “stipulate a benefit for a third person.”
The most basic requirement of a stipulation pour autrui is that the contract manifest a clear intention to benefit the third party; absent such a clear manifestation, a party claiming to be a third party beneficiary cannot meet his burden of proof. Paul, 99-0897 at 7-8, 762 So.2d at 141-142; see also, Doucet v. National Maintenance Corporation, 01-1100, pp. 6-7 (La.App. 1 Cir. 6/21/02), 822 So.2d 60, 66. A stipulation pour autrui is never presumed. The party claiming the benefit bears the burden of proof. See LSA-C.C. art. 1831;[7] see also Paul, 99-0897 at 5, 762 So.2d at 140.
The second factor, certainty as to the benefit provided, is a corollary of the requirement of a manifestly clear stipulation. “To create a legal obligation enforceable by the beneficiary there must be certainty as to the benefit to accrue to the beneficiary.” Berry v. Berry, 371 So.2d 1346, 1347 (La.App. 1 Cir.), writ denied, 373 So.2d 511 (1979).
In connection with the third requirement that the benefit cannot be a mere incident of the contract, we find pertinent the discussion of “incidental benefits” by Professor Smith, 11 Tul. L.Rev. at 28: “[N]ot every promise, performance of which may be advantageous to a third person, will create in him an actionable right. The |inproblem is to separate the cases where an advantage has been stipulated from those where the advantage re *1213 lied upon is merely an incident of the contract between the parties.” Illustrative is City of Shreveport v. Gulf Oil Corporation, 431 F.Supp. 1 (W.D.La.1975), aff'd, 551 F.2d 93 (5th Cir.1977). The city brought an action against the oil company alleging that the oil company failed to provide over 670,000 gallons of gasoline to the city pursuant to a contract existing between the oil company and the State of Louisiana, thereby damaging the city. The court found the oil company/state contract provided “some benefit” to the city: in a time of serious inflation and energy shortage, Shreveport could purchase its fuel needs at a modest cost when compared to the market price. However, “[t]he contract was not made to obtain discharge of any legal obligation owed by the State to Shreveport.... Furthermore, the advantage which would accrue to the City would not beneficially affect the State.” Thus, the advantage to the city was “an easily seen ... incidental benefit to the City” (Id. at 1210), which did not support a finding of third party beneficiary.
In Allen & Currey Mfg. Co. v. Shreveport Waterworks Co., 113 La. 1091, 37 So. 980 (1905), a water company entered into a contract with the city to furnish water and maintain hydrants in good repair. The plaintiff sued the water company for damages sustained as a result of the loss of its building due to fire because of an alleged breach of the water company’s obligation to maintain the hydrants. The supreme court held that the plaintiff had no right of action. The contract was between the city and the water company. The plaintiff, as an inhabitant of the city, was an Inincidental beneficiary[8] and as such had no right of action. See discussion in Smith, 11 Tul. L.Rev. at 50.
In this matter, the court of appeal found administration of anesthesia service to the hospital’s patients was the object of the contract and concluded that SMAA, as a juridical person only,[9] was incapable of rendering such service. The court of appeal noted there was no allegation of breach of fiduciary trust and the damages alleged were personal to the doctors. The court of appeal found the contract clearly manifested an express intent to benefit Dr. Joseph and also manifested an intent to benefit Dr. Brumfield.
We disagree. Following a thorough review of the provisions of the contract, we also conclude the contract is unambiguous. However, we find there are no provisions included in the contract which establish a stipulation for the doctors in a manifestly clear manner. We find no certainty as to the benefit provided the doctors. We find any benefit to the doctors a mere incident of the contract between the Hospital and SMAA.[10]
*1214 Ultimately, we find there is no benefit in the contract flowing directly to the doctors such that a benefit was stipulated in their favor. While the contract imposed ^J^certain obligations on the doctors regarding their qualifications, there was no benefit provided in the contract directly to the doctors that they could demand from the Hospital. The doctors were not to be paid by the Hospital. The doctors were not hired by the Hospital. The doctors had no right to demand employment by the Hospital. In fact, the contract specifically provided there was no intent to create an employer/employee relationship between the parties. Based on our review of the contract, there is no obligation owed by the Hospital to the individual doctors which will be discharged by performance of the contract because the contract provides no direct benefit to the doctors.
While the doctors can perform the services to satisfy the contractual obligations of the corporation, there are no direct benefits flowing to the plaintiff doctors. Simply stated, in the absence of a direct benefit conferred by the contract, the doctors cannot be third party beneficiaries pursuant to LSA-C.C. art. 1978.
A person may derive a benefit from a contract to which he is not a party without being a third party beneficiary. In this case, any benefit created by the contract in favor of the doctors was only incidental to their employment with SMAA.
The doctors contend that they benefitted from the contract because the Hospital granted them the exclusive right to provide anesthesiology services. However, a review of the contract establishes it is SMAA as the Contractor which is granted the exclusive right to provide anesthesia services. The contract provides: “HOSPITAL hereby EXCLUSIVELY retains CONTRACTOR, and CONTRACTOR hereby accepts such retention, to make available anesthesia services and to provide such other services in accordance with this agreement.” Thus, SMAA is specifically and clearly granted the exclusive right to provide anesthesia services. Additionally, the contract provides SMAA can “from time to time retain the services of other physician [ ^SPECIALISTS,” further indicating it is not the plaintiff doctors which have exclusivity, but rather SMAA. Based on this clause, physicians other than the plaintiff doctors could provide services on behalf of SMAA. As such, the contract does not provide the plaintiff doctors the exclusive right to provide anesthesia services at the hospital.
The contract goes on to recognize, not only Dr. Joseph, but any employee of SMAA as a medical specialist for the purpose of providing anesthesia services. However, that recognition merely establishes how the obligations of the contract are to be discharged by SMAA and does not, in a manifestly clear fashion, confer a benefit on the doctors as third parties. The doctors further contend they were afforded exclusivity because the contract would be terminated if, among other reasons, Dr. Joseph’s license to practice medicine were suspended, revoked, or terminated. However, the termination provision does not confer a benefit. Rather, this provision merely recognizes conditions which serve to terminate the contract. Regardless, the language from the contract, quoted above, establishes that the exclusivity provision of the contract is in favor of SMAA and not the individual doctors.
Not every breach of a contract with a corporation provides a cause of action to the employees or shareholders of *1215 that corporation. In essence, the court of appeal decision created an implied right of action for employees of juridical entities to contest any contract between the employing corporation and another entity if any benefit flowed to the employee. In Scaffidi and Chetta Entertainment v. University of New Orleans Foundation, 04-1046 (La.App. 5 Cir. 2/15/05), 898 So.2d 491, writ denied, 05-0748 (La.5/6/05), 901 So.2d 1102, Scaffidi and Chetta established a corporation which entered into a contract with the University of New 1 uOrleans Foundation. The court denied the personal claims of shareholders Scaffidi and Chetta finding they were not third party beneficiaries of the contract. The court further found the cause of action belonged solely to the corporation.[11] This decision reflects an appropriate reluctance to find a stipulation pour autrui in favor of each shareholder or officer or employee of a juridical person. Once established, the separate nature of the corporate existence must be respected.
The doctors urge us to ignore the corporate status of SMAA because a medical corporation can only act through a physician. We refuse to do so. As a legal fiction, all corporations act through individuals. Dr. Joseph chose to establish a medical corporation. This separate juridical entity cannot be disregarded. See LSA-C.C. art. 24.[12] The breach of contract claim is a claim to be asserted by the corporation, not the employees, officers or shareholders of the corporation.
Finally, we agree that the court of appeal was correct to question the requirement of a writing to establish a stipulation pour autrui. The statement in Fontenot indicating that contracts for the benefit of others must be in writing was dicta. The Fontenot court cited former Civil Code articles 1890 and 1902 for that proposition. Review of the former articles, as well as current articles related to a third |1fiparty beneficiary contract (See Articles 1978-1982), indicates there is no statutory requirement that the stipulation pour autrui be in writing.[13]
We note the statement in Fontenot that a stipulation pour autrui must be in writing was criticized by Judge Covington in his dissent in Berry, 371 So.2d at 1352-1353, and in Katherine Shaw Spaht & H. Alston Johnson, III, The Work of the Appellate Courts for the 1975-1976 Term-Obligations, 37 La. L.Rev. 332, 346-347 (1977), which he cited.
Although the appellate court correctly found it unnecessary for a stipulation pour autrui to be in writing, these parties contracted that their entire agreement must be in writing. The contract provides: “This Agreement contains the entire understanding of the parties and shall be modified only by an instrument in writing signed on behalf of each party *1216 hereto.” Thus, these parties contractually limited themselves to a written contract.
CONCLUSION
For the foregoing reasons, the decision of the court of appeal is reversed and the judgment rendered by the district court granting defendants exceptions of no right of action is reinstated.
REVERSED. JUDGMENT GRANTING EXCEPTION REINSTATED.
JOHNSON, J., concurs in result.

. A judgment granting the peremptory exception of prescription filed on behalf of defendants against plaintiffs arid dismissing the cause of action in tort (including the intentional interference with contract and the denial of due process rights) asserted on behalf of plaintiffs was signed on July 7, 2004.

. The substance of these articles was reproduced in LSA-C.C. art. 1978 when the Civil Code was amended in 1984. 1984 La. Acts No. 331 § 1, effective Jan. 1, 1985.

. Reinsurance is a contract by which one insurance company agrees to indemnify another in whole or in part against loss or liability which the latter has incurred under a separate contract as insurer of a third party. Fontenot, 247 So.2d at 575. Reinsurance indemnifies the insurer for a loss which is actually sustained. In Fontenot, an insured of one insurance company filed suit claiming the contract of reinsurance between his insurer and another company contained a stipulation pour autrui inuring to his benefit. The court held the contract was governed by the insurance code and the contract of reinsurance did not create any right of action in third parties directly against the reinsurer. Fontenot, 247 So.2d at 581.

. Black’s Law Dictionary 1427 (7th ed.1999), refers to stipulation pour autrui as a French civil law term meaning a stipulation "for other persons."

. In Andrepont v. Acadia Drilling Co., 255 La. 347, 231 So.2d 347 (1969), this court utilized the factors proposed by Professor J. Denson Smith to be considered in deciding whether an advantage for a third person has been provided by a contract between others. We recognize Professor Smith’s test is an analytical tool to determine whether a stipulation pour-autrui has been established-not a definitive analysis.
In a study of the history, legislation, and jurisprudence which formed the doctrine of stipulations in favor of third persons, Professor Smith enumerated the following factors as being important in deciding whether the contract provides a benefit for a third person:
(1) The existence of a legal relationship between the promisee and the third person involving an obligation owed by the promis-ee to the beneficiary which performance of the promise will discharge; (2) the existence of a factual relationship between the promisee and the third person, where (a) there is-a possibility of future liability either personal or real on the part of the promisee to the beneficiary against which performance of the promisee [sic] will protect the former; (b) securing an advantage for the third person may beneficially affect the promisee in a material way; (c) there are ties of kinship or other circumstances indicating that a benefit by way of gratuity was intended. See Smith, Third Party Beneficiaries in Louisiana: The Stipulation Pour Autrui, 11 Tul.L.Rev. 18, 58 (1936).
Andrepont, 231 So.2d at 350-351.

. LSA-C.C. art. 1831 provides, in part:
A party who demands performance of an obligation must prove the existence of the contract.

. The Restatement of the Law of Contracts distinguishes intended beneficiaries who have legal rights from incidental beneficiaries who have no legal rights to enforce the contract. Restatement (Second) of Contracts, Introductory Note to Chapter 14 at 439 and § 302 (1979).

. In a footnote the court noted the fact that SMAA was a corporation was not relevant to a decision in this matter.

. We note one exception which is not at issue in this litigation. The contract does contain a stipulation pour autrui in the section of the contract addressing recruitment. The Hospital agreed to pay relocation costs incurred by a second physician specialist moving to Morgan City. Thus, although the contract did provide a stipulation pour autrui for the benefit of a doctor to be recruited by SMAA in the form of reimbursement of relocation costs, that benefit was manifestly clear, and outlined in the recruitment provision of the contract addressing relocation costs. The contract could have included additional benefits to inure to the doctors; however, it did not do so in a manifestly clear manner. Nevertheless, after a review of the record and as *1214 acknowledged at oral argument, that provision is not at issue.

. See also Joe Conte Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc., 95-1630, (La.App. 4 Cir. 2/12/97) 689 So.2d 650, writ denied, 97-0659 (La.4/25/97) 692 So.2d 1090, where the court affirmed the trial court judgment granting an exception of no right of action ruling that shareholders and officers of a corporation and a guarantor of corporate obligations had no right to recover for acts committed against or causing damage to a corporation. Only the corporation can sue for breach of a contract to which the corporation is a party.

. LSA-C.C. art. 24 provides:
There are two kinds of persons: natural persons and juridical persons.
A natural person is a human being. A juridical person is an entity to which the law attributes personality, such as a corporation or a partnership. The personality of a juridical person is distinct from that of its members.

.There is no general requirement that stipulations pour autrui be in writing. However, if the contract must be in writing (See e.g., LSA-C.C. arts. 1536 and 2440. See also LSA-C.C. art.1832.), then the stipulation pour autrui must also be in writing.