BELSOME, J.,
Dissents with Reasons.
1,1 respectfully dissent from the majority’s opinion. The majority mischaracter-izes the agreement filed into the record of the Supreme Court in Boatwright[1] as *202 merely a “clause” within a motion to dismiss. I find the language clearly creates a classic stipulation pour autrui, or a contractual benefit for a third party. See La. C.C. art. 1978.
According to the record in the instant case, the Boatwright plaintiffs had applied to the Supreme Court for Supervisory Writ of Certiorari seeking review of the district court’s and appellate court’s finding that Rapid was not subject to personal jurisdiction in Louisiana. Prior to the Court ruling on the writ, Rapid entered into an agreement with Boatwright counsel for the dismissal of the pending writ. In consideration for the dismissal of the writ, Rapid consented to the following:
Defendant Rapid has determined that, in the above-captioned cases, presently filed cases, and future cases, it will not oppose jurisdiction with respect to any plaintiff who (1) is a citizen of the State of Louisiana, or (2) who, prior to June 1, 1967, was exposed to asbestos-containing products of the Philip Carey Manufacturing Company within the State of Louisiana (the “Criteria”) .... (emphasis added).
Louisiana law clearly allows for third parties to benefit from contracts for which they were not privy. See, La. C.C. art. 1978, et seq. There is not a 12presumption in favor of a stipulation pour autrui. Smith v. State Farm Ins. Companies, 2003-1580, pp. 4-5 (La.App. 4 Cir. 3/3/04), 869 So.2d 909, 912-13. The intent of the party to create the stipulation in favor of a third party must be manifestly clear. Id. Establishing the existence of a stipulation pour artrui rests with the party demanding performance. See, La. C.C. art. 1831. In Joseph v. Hosp. Serv. Dist. No. 2 of Parish of St. Mary, 05-2364, (La.10/15/06), 939 So.2d 1206, the Supreme Court succinctly set forth the requirements of a valid stipulation pour autrui: (1) the stipulation for a third party is manifestly clear; (2) there is certainty as to the benefit provided the third party; and (3) the benefit is not a mere incident of the contract between the promisor and the prom-isee. Id.
Applying those principles to the instant case, the facts unmistakably favor the existence of a stipulation pour autrui First, the words could not be more clear, Rapid renounced opposing jurisdiction “with respect to any plaintiff’ that fit the “criteria.” That language could have easily been crafted to limit the scope of the beneficiaries to “plaintiffs represented by undersigned counsel” but that was not done. Instead, the language created a benefit for a specific class of plaintiffs. Secondly, the language leaves no question as to the benefit provided to the third party; Rapid will no longer oppose jurisdiction in Louisiana. And lastly, the benefit to the plaintiffs that meet the criteria is not merely incidental to the agreement, but rather, it was the sole consideration given in exchange for the dismissal of the Boaturright writ.
The language of the agreement, although broad, is clear and unambiguous and this Court should not seek to interpret that language in a more restrictive manner than was consented to by the parties. Although the agreement came into existence in another case, Rapid remains bound to honor the conditions of the stipulation. For this Court to hold otherwise is unjust. For the reasons discussed, I dissent.

. Boatwright v. Metropolitan Life Insurance Co., 95-1822 (La.App. 4 Cir. 9/28/95), 661 *202 So.2d 169.