# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 30, 2011

No. 11-30359
Summary Calendar

Lyle W. Cayce
Clerk

LEONARD M. PRICE,

Plaintiff–Appellant

v.

HOUSING AUTHORITY OF NEW ORLEANS; KAREN C. TURNER, in her capacity as Executive Director for Housing Authority of New Orleans; DESIRE AREA RESIDENTS COUNCIL; KATHLEEN MATTHEWS, in her capacity as president for Desire Area Residents Council and in her individual capacity; BONNIE ROGERS, also known as Bonnie Peters, in her capacity as vice president for Desire Area Residents Council and in her individual capacity; MARGARET MCMILLAN, in her capacity as treasurer for Desire Area Residents Council and in her individual capacity,

Defendants–Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:09-CV-4257

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-30359

Leonard Price, the Appellant, proceeding *pro se* and *in forma pauperis* filed suit against the Housing Authority of New Orleans ("HANO"), the Desire Area Residents Council ("DARC"), and members of both organizations (collectively the "Appellees"). He claims that the Appellees failed to provide him with economic opportunities allegedly guaranteed to him through a public housing redevelopment plan. The district court granted summary judgment to the Appellees. We AFFIRM.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In the district court, Price pursued a bevy of claims arising out of a memorandum of understanding ("MOU") between HANO and DARC. The MOU states, in relevant part,

> The Authority [HANO] will train residents for all types of economic opportunities, including but not limited to management, entrepreneurship, construction and maintenance. The Authority will hire residents during the planning, reconstruction and re-occupancy of Desire LA 1-14. The DARC will participate with the identification and selection of the Desire residents in hiring programs. The Authority will consider DARC or Desire Resident[s] for available contracts for any and all phases of planning, reconstruction, evaluation and monitoring of Desire, LA 1-14.

Price claimed under 42 U.S.C. § 1983 that he was denied due process because the Appellees (1) failed to provide him any job training or assistance, (2) failed to allow him to participate in the decisionmaking process regarding the redevelopment, and (3) failed to give adequate notice of their meetings. Additionally, Price alleged an (4) equal protection violation because of the hiring practices of DARC and (5) a Louisiana state-law claim seeking to enforce the MOU as a third-party beneficiary thereof.

On appeal, however, due to the poor briefing of his newly-obtained counsel, Price has waived nearly all of his claims for error. In his brief to this court, Price sets out four "Assignment[s] of Error," but the brief never puts forth any

argument on these points; therefore, they are waived. Fed. R. App. P. 28(a)(9)(A); *United States v. Jimenez*, 509 F.3d 682, 695 (5th Cir. 2007). Moreover, of the issues that were briefed, one is "A Summary Judgment Fradulently Obtained Should be Annulled on Appeal." In this section, the argument seems to be that the Appellees committed a fraud on the district court that ought to be corrected under Federal Rule of Civil Procedure 60(b)(3). The only authority that Price's counsel cites is the corresponding Louisiana rule, *see* La. Code Civ. Proc. art. 2004, and a case from this court interpreting that provision.[1] Such an accusation of fraud without any factual or legal support is also deemed waived. Fed. R. App. P. 28(a)(9)(A); *Jimenez*, 509 F.3d at 695.

We do find two claims sufficiently briefed so as to preserve them for our review: (1) the district court erred in not finding a property interest for the purposes of Price's due process claim and (2) the district court erred in finding that Price was not a third-party beneficiary to the MOU under Louisiana law.

## II. STANDARD OF REVIEW

We review a district court's grant of summary judgment de novo, applying the same standards as the district court. *Hernandez v. Yellow Transp., Inc.*, 641 F.3d 118, 124 (5th Cir. 2011). Summary judgment is appropriate where the movant shows that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); Fed. R. Civ. P. 56(a)). In reviewing the record, all facts and inferences are construed in the light most favorable to the non-movant. *Id.*

---

[1] It is unclear from the citation, however, to what Price's counsel is directing this court. Her citation is to "*St. Paul Mercury Ins. Co. v. Williamson*, *224 F.3d 425 ( 5th Cir. 2000), citing Chiarella v. U. S. , 100 S. Ct. 1108* [sic]." Nowhere in our opinion in *St. Paul Mercury Insurance* do we cite to *Chiarella*. This is not the only sloppy citation in Price's counsel's confusing brief. Earlier, she appears to quote language from *Reese v. Miami-Dade Cnty.*, 210 F. Supp. 2d 1324 (S.D. Fla. 2002), which does not appear in that opinion.

No. 11-30359

## III.  DISCUSSION

**A.    Section 1983 Due Process Claim**

Price argues that 24 C.F.R. pt. 135.1[2] gave him a property interest protected by the Due Process Clause.  He claims that the Appellees failed to provide him job training or assistance.

> To state a claim under § 1983, [a] plaintiff[] must allege two elements: first, that they were deprived of a right or interest secured by the Constitution and laws of the United States, and second, that the deprivation occurred under color of state law. . . . [I]n § 1983 suits alleging a violation of the Due Process Clause of the Fourteenth Amendment, . . . [p]laintiffs must (1) assert a protected "liberty or property" interest and (2) show that they were deprived of that interest under color of state law.

*Doe v. Rains Cnty. Indep. Sch. Dist.*, 66 F.3d 1402, 1406 (5th Cir. 1995) (citations omitted).  "In order for a person to have a property interest within the ambit of the Fourteenth Amendment, he 'must have more than an abstract need or desire for it.  He must have more than a unilateral expectation of it.  He must, instead, have a legitimate claim of entitlement to it.'"  *Blackburn v. City of Marshall*, 42 F.3d 925, 936 (5th Cir. 1995) (quoting *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972)).

---

[2] Part 135.1 states, in relevant part,

> The purpose of section 3 of the Housing and Urban Development Act of 1968 (12 U.S.C. [§] 1701u) (section 3) is to ensure that employment and other economic opportunities generated by certain [Department of Housing and Urban Development] financial assistance shall, to the greatest extent feasible, and consistent with existing Federal, State and local laws and regulations, be directed to low- and very low-income persons, particularly those who are recipients of government assistance for housing, and to business concerns which provide economic opportunities to low- and very low-income persons.

24 C.F.R. 135.1(a).

Part 135.1 states the purpose behind the enactment of 12 U.S.C. § 1701u.[3] The language of part 135.1, however, does not speak to any particular entitlement, but rather to the goals of Congress in enacting the Housing and Urban Development Act of 1968. The "vague and amorphous" provisions of part 135.1 is insufficient to support a finding that Price had a property right to anything. *Anderson v. Jackson*, 556 F.3d 351, 356 (5th Cir. 2009) (internal quotation marks omitted); *see also Wilson v. United States Dep't of Agric.*, 991 F.2d 1211, 1216 (5th Cir. 1993) ("The mere fact that a government program exists does not give a person a property interest in participating in the program." (internal quotation marks omitted)).

## B.    Third-Party Beneficiary Claim

Price further argues that he is entitled to enforce the MOU because it includes a stipulation *pour autrui*; that is, he is a third-party beneficiary. *See* La. Civ. Code art. 1978. The Louisiana Supreme Court[4] has laid out a test to determine if a contract intends to create a stipulation *pour autrui*: "1) the stipulation for a third party is manifestly clear; 2) there is certainty as to the

---

[3] Section 1701u states, in relevant part,

In other programs that provide housing and community development assistance, the Secretary shall ensure that, to the greatest extent feasible, and consistent with existing Federal, State, and local laws and regulations, opportunities for training and employment arising in connection with a housing rehabilitation (including reduction and abatement of lead-based paint hazards), housing construction, or other public construction project are given to low- and very low-income persons residing within the metropolitan area (or nonmetropolitan county) in which the project is located.

12 U.S.C. § 1701u(c)(2)(A).

[4] Since federal jurisdiction over this claim arises out of state law, we apply the substantive law of the forum state. *First Colony Life Ins. Co. v. Sanford,* 555 F.3d 177, 181 (5th Cir. 2009) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78–79 (1938)). "To determine Louisiana law, we look to the final decisions of the Louisiana Supreme Court." *Bradley v. Allstate Ins. Co.*, 620 F.3d 509, 516 n.2 (5th Cir. 2010).

No. 11-30359

benefit provided the third party; and 3) the benefit is not a mere incident of the contract between the promisor and the promisee. *Joseph v. Hosp. Serv. Dist. No. 2 of Parish of St. Mary*, 939 So.2d 1206, 1211 (La. 2006). Neither the benefit nor the beneficiary is manifestly clear in this instance.

## IV.  CONCLUSION

For the foregoing reasons, we AFFIRM the district court's grant of summary judgment to the Appellees.

AFFIRMED.