# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 15, 2011

No. 11-30332
Summary Calendar

Lyle W. Cayce
Clerk

BRADEN ROBINSON; MICHELLE ROBINSON,

Plaintiffs - Appellants,

v.

ICF EMERGENCY MANAGEMENT SERVICES, L.L.C.,

Defendant - Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:09-CV-4872

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Braden and Michelle Robinson (the "Robinsons") appeal the grant of summary judgment in favor of ICF Emergency Management Services ("ICF"). We AFFIRM.

## I.    Background

The Robinsons own a home in New Orleans, Louisiana which suffered extensive flood damage during the aftermath of Hurricane Katrina when their

---

[*] Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

home remained partially submerged in standing water for approximately two weeks. In addition to water and mold damage to the sheetrock walls, the property sustained structural damage to the load-bearing piers and the "floating" basement slab. The Robinsons applied for funds to assist with the cost of their repairs through the "Road Home" program, the entity responsible for disbursing the multi-million dollar FEMA grant to eligible homeowners on behalf of the State of Louisiana. The State of Louisiana, through the Office of Community Development ("OCD"), hired defendant ICF to administer the Road Home program on behalf of the State.

The Robinsons were issued an award of $10,609 to assist with the cost of the repairs to their home, however, the Road Home program denied the Robinsons's request for additional compensation of $60,000 to repair the load-bearing piers and "floating slab" on the grounds of insufficient evidence. The Robinsons appealed the decision to the Road Home Appeals Office and submitted their insurer's engineering report to substantiate their claims. The Road Home Appeals Office denied the appeal on the grounds that the damage to the load-bearing piers and "floating slab" were due to natural subsidence of the soil, and not because of Hurricane Katrina. After denying the appeal, the Road Home Appeals Office advised the Robinsons that if they wished to appeal the decision further, they would have to submit an appeal to the OCD.

In their appeal to the OCD, the Robinsons submitted a second engineering report, again alleging that the damage to the load-bearing piers and "floating slab" were caused by Hurricane Katrina. This second report was sent only to the OCD, and not to the Road Home program or defendant ICF. The OCD denied the appeal on the grounds that the damage was caused by natural subsidence of the soil, and not by Hurricane Katrina. After the OCD denied the Robinsons's final appeal, the Robinsons filed suit in the Eastern District of Louisiana, alleging violations of their equal protection rights, negligence, and breach of

contract.  ICF moved to dismiss all claims.  The district court dismissed the equal protection claims, but allowed the negligence and breach of contract claims to proceed.  ICF then moved for summary judgment on the remaining claims, and the district court granted the motion.  The district court determined that ICF was not negligent, and that even if ICF was negligent, ICF's negligence was not the cause-in-fact of the Robinsons's injuries because the state had final authority to grant or deny the claim for repairs.  The court further concluded that because ICF was not negligent, no genuine issue of fact remained for the breach of contract claims, as the claims were interrelated.  We affirm.

## II.     Standard of Review

We review a district court's grant of summary judgment *de novo.  Nickell v. Beau View of Biloxi, L.L.C.*, 636 F.3d 752, 754 (5th Cir. 2011).  Summary judgment is proper if the evidence shows that there is no genuine dispute as to a material fact.  *Id.*  If the moving party meets this initial burden, then the burden shifts to the nonmovant to set forth specific evidence to support the claims; the nonmovant may not simply rest on the allegations in the complaint or on "conclusory allegations," "unsubstantiated assertions," or a mere "scintilla of evidence." *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010) (internal quotation marks and citation omitted). We view all facts and draw all inferences in the light most favorable to the party opposing summary judgment. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010).  A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant.  *Tamez v. Manthey*, 589 F.3d 764, 769 (5th Cir. 2009) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## III.     Breach of Contract Claims

The Robinsons bring their breach of contract claims under the "Road Home Contract" between the State of Louisiana, through the OCD, and the defendant, ICF.  Plaintiffs allege that they have standing to bring claims under this

3

contract because they are an intended third-party beneficiary under the contract. No provision of the contract expressly states that the contract is for the benefit of any third party, however, the Plaintiffs allege that they were an intended third-party beneficiary because the contract is for the administration of funds to homeowners in Louisiana.    While the district court did not specifically address the standing issue, "[w]e have recognized that standing is essential to the exercise of jurisdiction and is a 'threshold question . . . [that] determines the power of the court to entertain the suit.'" *Coleman v. Champion Int'l Corp./Champion Forest Prods.*, 992 F.2d 530, 532 (5th Cir. 1993) (*quoting Warth v. Seldin*, 422 U.S. 490, 498 (1975)).

Louisiana law allows for the inclusion of third-party beneficiaries to a contract, commonly known as a "stipulation *pour autrui*." *Joseph v. Hosp. Serv. Dist. No. 2 of Parish of St. Mary*, 939 So.2d 1206, 1211 (La. 2006).  However, as the Louisiana Supreme Court has noted, "if the contract must be in writing, then the stipulation *pour autrui* must be in writing." *Id.* at 1215, n. 13.  Section 10.0 of the Road Home Contract provides: "No amendment or variation of the terms of this Contract shall be valid unless made in writing, signed by the parties and approved as required by law.   No oral understanding or agreement not incorporated into the Contact is binding on any party."  This language in the Road Home Contract, like the contract in *Joseph*, requires all modifications to be made in writing, and expressly prohibits provisions not reduced to writing. *See id.* at 1215-16 ("The [*Joseph*] contract provides: 'This Agreement contains the entire understanding of the parties and shall be modified only by an instrument in writing signed on behalf of each party hereto.' Thus, these parties contractually limited themselves to a written contract.").  Because the Road Home Contract must be in writing, any stipulations *pour autrui* must be in writing as well. *Id.* at 1215, n. 13. No written stipulations *pour autrui* exist in the Road Home Contract, therefore, the Robinsons are not third-party

No. 11-30332

beneficiaries under Louisiana law and do not have standing to assert claims for breach of contract under the Road Home Contract.

In the alternative, even if the Robinsons have standing as third-party beneficiaries, summary judgment was proper as to their breach of contract claims. The undisputed summary judgment evidence shows that ICF evaluated the Robinsons's claim in accordance with the policies and procedures outlined in the Road Home Contract and ICF's evaluation of the Robinsons's claim was then subject to review by the State of Louisiana, which reviewed the claim and had final authority to make the determination of the claim. Because no genuine issue of fact exists to support a finding of breach against ICF, summary judgment was proper as to the breach of contract claims. *Tamez v. Manthey*, 589 F.3d 764, 769 (5th Cir. 2009) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## IV.    Negligence Claims

The district court determined that ICF was not negligent, but even if it was, ICF's negligence was not the cause-in-fact of the Robinsons's injuries because the state had final authority to grant or deny their claim for repairs. The Robinsons assert that ICF was somehow involved with the state appeal, and/or influenced the decision of the OCD to deny the Robinsons's state appeal. However, the Robinsons present no evidence to support these allegations. After the first level appeal through the Road Home Appeals Office, the Robinsons were informed that if they wished to appeal further, they could file a state appeal with the OCD. The correspondence between the Robinsons and the OCD is on state letterhead. The final denial of the Robinsons's second appeal stated that "[t]he Office of Community Development agrees that the determination of the Road Home Appeals Office was made in accordance with Louisiana Recovery Authority and Louisiana Office of Community Development (OCD) governing rules and policies." The Robinsons themselves, corresponding with

5

representatives of the OCD, noted that they were providing a "summarization of [their] appeal to the State of Louisiana." The Robinsons provide no evidence to controvert ICF's contention that a separate state appeals process made the final decision to deny the Robinsons claim. Because the Robinsons offer nothing more than "conclusory allegations" and "unsubstantiated assertions," summary judgment was proper as to the Robinsons's negligence claims. *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010).

## V.    Conclusion

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.