50,825 (La.App. 2 Cir. 9/16/16)

**William Kyle AYMOND, Thad Herron, Hillary Denise Herron and William Garrett Aymond, et al., Plaintiff-Appellant**

v.

**CITIZENS PROGRESSIVE BANK, Defendant-Appellee**

No. 50,825-CA

Court of Appeal of Louisiana, Second Circuit.

Judgment rendered September 16, 2016.

Rehearing Denied 11/10/2016

SEDRIC BANKS, Counsel for Appellant

MIXON & CARROLL, PLC, By: James E. Mixon, James L. Carroll, Counsel for Appellee

Before WILLIAMS, LOLLEY and STONE, JJ.

WILLIAMS, J.

The plaintiffs, William Kyle Aymond, Thad Herron, KT Farms Partnership II,

KT Planting Partnership, Ruby-Jane, LLC, Pecan Brake, LLC, South Franklin Investments, LLC and Thad Kyle Investments, LLC, appeal the judgment granting the exception of no right of action filed by the defendant, Citizens Progressive Bank. For the following reasons, we reverse in part, affirm in part and remand.

## FACTS

William Kyle Aymond ("Kyle") and Thad Herron ("Thad") organized a number of business entities to conduct a farming operation in Franklin and Tensas Parishes. The entities included KT Farms Partnership, KT Farms Partnership II, KT Planting Partnership, Ruby-Jane, LLC, Pecan Brake, LLC, South Franklin Investments, LLC, and Thad Kyle Investments, LLC.

Each year from 2008 through 2011, one or more of these entities obtained and repaid a crop loan from Citizens Progressive Bank ("CPB"), which did not make any crop loans to Kyle and Thad personally. In 2012, CPB and other participating banks issued a crop loan to KT Farms Partnership ("KT") and KT Farms Partnership II ("KT II"). After all proceeds from the 2012 crop had been applied to the loan, a balance of $2,975,909.50 remained due. At KT's request, CPB agreed to refinance the balance due, but required collateral to secure the loan. This $2.9 million 2012 "Carry Over" loan was made solely to KT as borrower, based on collateral pledged by KT Planting Partnership, Ruby-Jane, LLC, South Franklin Investments, LLC, Thad Kyle Investments, LLC, KT and KT II. Kyle Aymond and Thad Herron also personally guaranteed the amount of the Carry Over loan.

In 2013, after initially failing to secure a crop loan, KT reapplied to CPB for a crop loan after the president of Commercial Capital Bank ("Commercial") advised Garry Sanford, the president of CPB, that Commercial would participate in a 2013 crop loan provided that the borrowing entity was not KT, which had an outstanding loan with Commercial. The bank's lending limits prevented another loan to the same borrower. The lenders, CPB, Commercial and Caldwell Bank and Trust Company, agreed to issue a 2013 crop loan to William Garrett Aymond ("Garrett"), Hillary Herron (the children of Kyle and Thad) and William C. Aymond ("Billy"), the father of Kyle. The $4.7 million line of credit established in the names of Billy Aymond, Garrett Aymond and Hillary Herron was secured by the same collateral pledged as security for the 2012 Carry Over loan. Neither Kyle Aymond, Thad Herron nor any of their related entities applied to CPB as borrowers for a 2013 crop loan. CPB and Commercial drafted 13 written "loan requirements," which were included in the promissory note for the 2013 crop loan. A separate document containing the loan requirements was signed by Kyle, Thad, the 2013 crop loan borrowers, Billy Aymond, Garrett Aymond and Hillary Herron, and Sanford. In March 2014, the $4.7 million 2013 crop loan was paid in full and CPB's lien was cancelled.

In October 2014, the plaintiffs, William Kyle Aymond, Thad Herron, Hillary Herron, Garrett Aymond, KT and KT II, filed a petition for damages against the defendant, Citizens Progressive Bank, alleging breach of the 2013 crop loan agreement. In response, CPB filed exceptions of vagueness, no cause and no right of action. The district court granted CPB's exception of vagueness, ordered the plaintiffs to amend their petition and deferred consideration of the other exceptions. Plaintiffs filed an amended petition adding Billy Aymond, KT Planting Partnership, Ruby-Jane, LLC, Pecan Brake, LLC, South Franklin Investments, LLC, and Thad Kyle Investments, LLC, as party plaintiffs. CPB again

filed exceptions of vagueness, no cause and no right of action and failure to join an indispensable party. The district court denied CPB's exceptions of vagueness, failure to join an indispensable party and no cause of action.

After a hearing on the exception of no right of action, the district court issued written reasons for judgment. The court found that neither the 13 written loan requirements drafted by CPB nor the promissory note contained any language to indicate that the 2013 crop loan was made for the benefit of any person other than the named makers. As a result, the district court determined that the loan requirements did not set forth a stipulation pour autrui in favor of the nonmaker plaintiffs because the contract language did not manifest a clear intent to benefit a third party. The court further found that the loan requirements restricted the use of the loan proceeds and were not benefits. The district court rendered judgment granting CPB's exception of no right of action and dismissing the claims of all plaintiffs except the named borrowers, William C. Aymond, Garrett Aymond, Hillary Herron and KT. Plaintiffs now appeal the judgment.

## DISCUSSION

The plaintiffs contend the trial court erred in finding that Kyle Aymond and Thad Herron have no right of action against CPB for an alleged breach of the 2013 credit agreement. Plaintiffs argue that they have an interest in the lawsuit because they are third party beneficiaries of the loan agreement.

The exception of no right of action raises the issue of whether the particular plaintiff is a member of the particular class of persons to whom the law grants a remedy for the particular harm alleged. *Ridgedell v. Succession of Kuyrk-endall,* 98–1224 (La.App. 1 Cir. 5/19/99), 740 So.2d 173. This exception is a threshold device to terminate a suit brought by one who has no interest in judicially enforcing the right asserted and evidence supporting or controverting the exception is admissible. *Ridgedell, supra.* To prevail on an exception of no right of action, defendant must show that plaintiff does not have an interest in the subject matter of the lawsuit. *Ridgedell, supra.*

A contracting party may stipulate a benefit for a third person called a third party beneficiary. Once the third party has shown his intent to avail himself of the benefit, the parties may not mutually consent to dissolve the contract without the beneficiary's agreement. LSA-C.C. art. 1978. The stipulation gives the third party beneficiary the right to demand performance from the promisor. LSA-C.C. art. 1981. To determine whether contracting parties have provided a benefit for a third person the court should consider whether: (1) the stipulation for a third party is manifestly clear, (2) there is certainty as to the benefit provided to the third party, and (3) the benefit is not a mere incident of the contract. *Joseph v. Hosp. Service Dist. No. 2 of St. Mary Parish,* 2005–2364 (La. 10/15/06), 939 So.2d 1206.

A stipulation pour autrui is never presumed. The person claiming the benefit has the burden of proof. *Joseph, supra.* The most basic requirement of a stipulation pour autrui is that the contract manifest a clear intent to benefit the third party; absent such a clear manifestation, a party claiming to be a third party beneficiary cannot meet his burden of proof. *Joseph, supra.*

At the hearing on the exception of no right of action in this case, both Thad and Kyle acknowledged that they did not sign the promissory note as makers of the

2013 crop loan. However, Thad and Kyle testified that they signed the document titled "Citizens Progressive Bank Loan Requirements" acknowledging their receipt of notice of those provisions. Although they are not the borrowers named in the 2013 crop loan, Thad and Kyle assert in brief that the written loan requirements numbered 4 through 13 stipulate a benefit to them as third party beneficiaries of the loan agreement. Specifically, they refer to loan requirements #10-13 as providing a benefit for them because those provisions require entities in which they are partners to take certain actions. These requirements state as follows:

> 10. A UCC filing, per entity, should be filed to provide an assignment of all rental proceeds[.] This would cover all land rented now owned by each entity (KT Farm Partnership, KT Farm Partnership II, KT Planting Partnership, South Franklin Investments, South Franklin Gin Company and Thad Kyle Investments). 11. All entities will pledge any and all claims against British Petroleum. Lender will send letter of acknowledgement to attorney representing each entity[.] 12. Borrowers will supply lender with tax returns on all entities and individuals[.] 13. KT Farm Partnership, KT Farm Partnership II, KT Planting Partnership, South Franklin Investments, South Franklin Gin Company and Thad Kyle Investments will pledge any and all assets owned to secure note.

The language of the above requirements does not support the plaintiffs' contention that they provide a benefit to Thad and Kyle as beneficiaries of the 2013 loan. Rather, the provisions require each named entity to perform certain tasks, such as pledging or assigning rights in property as security for the loan and supplying the lender with tax returns. Thus, plaintiffs have not met their burden of proving that loan requirements #10-13 manifest an intention by the lender and borrowers to provide a benefit to a third party.

■■ |₆Thad and Kyle also argue that requirements #6 and #7 benefit them as partners because those requirements involve prior debt of their farming partnerships. Requirement #6 states in part, "Letters of trust will be sent to suppliers regarding credit balances and process of reimbursement to bank." Requirement #7 provides "Borrowers will make arrangements with outside creditors concerning the debt associated with 2012 crop. These debts will not be paid with 2013 crop loan proceeds."

Contrary to the argument of Thad and Kyle, these requirements do not involve a benefit to third parties from the 2013 loan contract. The record shows that the language of requirement #6 refers to a situation in which the supplier would reimburse the lender for a credit due on any returned supplies that were purchased with loan funds. The language does not show any benefit to plaintiffs. Similarly, requirement #7 does not provide a benefit from the 2013 loan contract because the language states that 2013 loan proceeds will not be used to pay the 2012 debt. Thus, the argument of Thad and Kyle regarding these requirements lacks merit.

■ Additionally, Thad and Kyle argue that the loan requirements regarding payments for rent, for equipment and for a debt to a chemical company are stipulations to benefit them and their farming partnerships. These loan requirements state as follows:

> 4. No funds will be released until all loans for the crop production are paid in full with the exception of cash rent due in the Fall of 2013 if necessary. At the time all crop loans are paid in full, the lender will contact Helena Chemical

Company to arrange payment of $250,000 plus interest due on Fall payment for fertilizer applied to the 2013 wheat crop. 5. Profit from 2013 crop will not be released until an agreement is reached on the payment to crop carryover loan associated with 2012 crop and 2013 wheat crop if any.

\* \* \*

8. Equipment payments, shown in cash flow as $80 per acre, will be limited to only amount needed to pay note due. Borrower will supply lender a schedule of all notes due for 2013.

Requirement #4 provides that upon full payment of the 2013 crop loan, the lender, CPB, will contact Helena Chemical Company "to arrange payment" of $250,000 owed for fertilizer. The record shows that the debt to Helena was owed by KT, the partnership of Thad and Kyle. In addition, KT was the borrower of the 2012 Carry Over loan mentioned in requirement #5. CPB does not dispute that KT is a proper party plaintiff with respect to the 2012 Carry Over loan. At the hearing on the exception, CPB presented testimony concerning the loan requirements.

Gary Sanford testified that he was president of CPB and was familiar with the 2013 crop loan. Sanford stated that he was aware that Thad and Kyle were partners or members of the entities which pledged collateral to secure the 2013 loan. Sanford explained that CPB and Commercial prepared the 13 loan "requirements" with the intent to limit the use of the loan funds to pay the expenses for equipment, rent and supplies related to the 2013 crop. He testified that Thad and Kyle signed the document containing the loan requirements on behalf of the entities that were pledging collateral to secure the 2013 loan and to show that they knew the loan funds could only be used for the expenses of the 2013 crop. Sanford stated that the 2013 crop loan was made to the named borrowers to fund the expenses of KT, KT II and KT Planting in producing the 2013 crop. Sanford testified that requirement #4 addressed cash rent due for leases held by KT and KT II and that requirement #8, which involved payments for equipment, could be considered a benefit for Thad Kyle Investments, the company that owned the equipment. Sanford stated that the lenders generated the loan requirements for the purpose of limiting the use of the 2013 crop loan funds and not to benefit any other person.

Although CPB contends the loan requirements were meant to benefit the lenders, the language of requirements #4 and #8 could be interpreted as providing a benefit for a party other than the parties to the 2013 loan agreement. Requirement #4 states that "the lender" will contact Helena to "arrange payment" of a debt owed by KT. Requirement #4 also provides that 2013 loan funds will be used to pay rent to lease land. The record shows that the rent was owed by KT and KT II, which were not parties to the 2013 crop loan. An exhibit admitted into evidence shows that $981,000 in rent was paid from loan proceeds.

In addition, requirement #8 provides that 2013 loan funds would be used to make payments for equipment costs. The testimony indicates that the equipment was owned by Thad Kyle Investments, which was not a party to the 2013 crop loan.

Based on this record, the 2013 loan documents manifest an intent to benefit a third party by requiring payment for a certain debt or expense of that third person and specifying that 2013 loan funds be used for those payments. Specifically, the language of requirements #4 and #8 demonstrates that the contracting parties intended that 2013 loan proceeds would be

used to benefit KT II and Thad Kyle Investments, which were not parties to the 2013 crop loan. Thus, as third party beneficiaries of the 2013 crop loan, KT II and Thad Kyle Investments have a right of action to seek damages that may have resulted from CPB's alleged failure to make payments for their benefit as provided in the 2013 loan requirements. Therefore, we shall reverse that part of the judgment dismissing KT II and Thad Kyle Investments as plaintiffs.

In their brief, Thad and Kyle argue that the benefits to KT, KT II and Thad Kyle Investments from the payment of rent, equipment and fertilizer expenses were also, in effect, benefits to them because they are personally liable for partnership debts and for some equipment debt. They assert that as a result, they are third party beneficiaries of the 2013 loan contract.

A partnership is a juridical person, distinct from its partners, created by a contract between two or more persons to combine their efforts or resources and to collaborate at mutual risk for their common benefit. LSA-C.C. art. 2801. A partnership as principal obligor is primarily responsible for its debts. A partner is bound for his virile share of partnership debts but may plead discussion of the partnership's assets. LSA-C.C. art. 2817. Under this article, creditors must look to the partnership first for the debts of the partnership. The partners are only secondarily liable. A third person may sue the partnership and the partners at the same time, but can recover against a partner who has pleaded discussion only if the partnership's assets have been exhausted or the partnership has been dissolved. Revision Comment (a), 1980. The partnership as a business entity is primarily liable for its debts and the individual liability of the partners only comes into existence when

and if the partnership becomes insolvent. *Brackley & Voelkel Construction, Inc. v. 3421 Causeway, Ltd.*, 98–134 (La. App. 5th Cir. 5/27/98), 712 So.2d 716; *Stone v. Stone*, 293 So.2d 523 (La.App. 4th Cir. 1974).

In the present case, there was no evidentiary showing by the plaintiffs that the partnerships were insolvent such that Thad and Kyle were individually liable for any specific debts of the various partnerships in which they were partners. In addition, Thad and Kyle did not produce any documentation to show that they individually owned the equipment or rented the land at issue. Based on the lack of evidence, any benefit Thad and Kyle would have gained as partners from the payment of loan proceeds to the entities KT, KT II and Thad Kyle Investments was uncertain and a mere incident of the 2013 crop loan contract. Thus, they failed to establish that they are third party beneficiaries under the criteria of *Joseph*.

Thad and Kyle also contend the trial court erred in failing to construe an ambiguity in the 2013 loan contract against CPB. They argue that requirement #5 is ambiguous because it refers to "an agreement" to pay the 2012 Carry Over loan, but does not specify the terms or parties of such an agreement. We note that requirement #5 refers to profit from the 2013 crop. By this language, requirement #5 does not involve a benefit from the 2013 crop loan proceeds to any third party. The assignment of error lacks merit.

After reviewing the record and the applicable law, we cannot say the trial court erred in concluding that Thad and Kyle failed to satisfy their burden of proving that they are third party beneficiaries of the 2013 crop loan agreement. Thus, their argument lacks merit.

## CONCLUSION

For the foregoing reasons, that part of the district court's judgment granting the exception of no right of action as to KT Farms Partnership II and Thad Kyle Investments, LLC, is hereby reversed; the judgment is otherwise affirmed. This matter is remanded for further proceedings. Costs of this appeal are assessed one-half to the appellants, William Kyle Aymond, Thad Herron, KT Farms Partnership II, KT Planting Partnership, Ruby-Jane, LLC, Pecan Brake, LLC, South Franklin Investments, LLC and Thad Kyle Investments, LLC, and one-half to the appellee, Citizens Progressive Bank.

REVERSED IN PART; AFFIRMED IN PART AND REMANDED.

APPLICATION FOR REHEARING

Before WILLIAMS, LOLLEY and STONE, JJ.

Rehearing denied.